Ryan T. Warden (I.D. No. 044322006)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Email: Ryan.warden@ogletree.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANIBAL MEJIAS, DENNIS MINTER, JERRY FULLER, and JOSE PENA, on behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOYA FOODS, INC., ROBERT I. UNANUE, FRANCISCO R. UNANUE, JOSEPH PEREZ, PETER UNANUE, DAVID KINKELA, REBECCA RODRIGUEZ, CARLOS G. ORTIZ, MIGUEL A LUGO, JR., CONRAD COLON, JOHN DOES 1 - 10 (said names being fictitious, real names unknown), ABC COMPANIES 1 - 10 (said names being fictitious, real names unknown), <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> **NOTICE OF REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act ("CAFA"), Defendant Goya Foods, Inc. ("GFI") removes to the United States District Court for the District of New Jersey the above-captioned action originally filed as Docket No. MER-L-001401-19 in the Superior Court of New Jersey, Law Division, Mercer County (the "State-Court Action"). Removal is proper on the following grounds:

**I.        BACKGROUND**

    **A.        Plaintiff Anibal Mejias filed the State-Court action.**

    1.        On July 18, 2019, Mejias filed the State-Court Action. According to the complaint, a copy of which is attached as Exhibit A, Mejias resides at 4408 North 6th Street, Philadelphia, Pennsylvania and formerly contracted with GFI to deliver its food products in South Carolina. (Compl. ¶ 4.)

    2.        Mejias named GFI and several individuals as Defendants. GFI manufactures and sells food products and has its principal place of business at 350 County Road, Jersey City, New Jersey. (*Id.* ¶¶ 8, 9.) The individual Defendants—for which Mejias did not provide any residency-related information—are GFI's officers. (*Id.* ¶¶ 11-19.)

    3.        The thrust of the original complaint was that Defendants misclassified as independent contractors Mejias and other similarly-situated delivery drivers. (*Id.* ¶ 2.) As a result of this purported misclassification, Mejias asserted the following causes of action: (i) violation of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.*, for making improper deductions from drivers' wages (*e.g.*, money for truck insurance) (*id.* ¶¶ 74-78); (ii) breach of contract because such deductions are against New Jersey public policy (*id.* ¶¶ 79-82); (iii) violation of New Jersey's RICO Act ("NJRICO"), N.J.S.A. 2C:41-1, *et seq.* (*id.* ¶¶ 83-92); and (iv) unjust enrichment based on the money that Defendants allegedly withheld for returned or damaged goods that were previously delivered (*id.* ¶¶ 93-96).

    4.        Mejias alleged his claims on behalf of the following putative nationwide class going back six years:

> All truck drivers of Defendants who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages . . . by deducting costs and fees associates with drivers' leasing vehicles, for fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative

fees, returned and damages products, and other deductions not allowed by governing law.

(*Id.* ¶ 33.)

**B.     Defendants moved for partial dismissal and change of venue before answering.**

5.     On August 22, 2019, Defendants moved to (i) dismiss all claims against the individual Defendants; (ii) dismiss the NJRICO claim; (iii) dismiss the unjust enrichment claim; and (iv) transfer venue to Hudson County, New Jersey to adjudicate the remaining NJWPL and breach of contract claims against GFI. A copy of Defendants' motion is attached as Exhibit B.

6.     Plaintiffs filed their opposition to Defendants' motion on September 5 and Defendants submitted their reply four days later. Copies of the opposition and reply briefs are attached as Exhibits C and D.

7.     On October 7, the court denied Defendants' motion to transfer venue. On October 18, the court dismissed the unjust enrichment claim, but otherwise denied Defendants' motion to dismiss. Copies of the Court's orders are attached as Exhibits E and F.

8.     On October 28, Defendants filed their answer, a copy of which is attached as Exhibit G.

**C.     Plaintiffs filed an amended complaint.**

9.     On April 8, 2020, Mejias filed a motion to amend. The court granted Mejias' request on May 8. Three days later, Plaintiffs filed the amended complaint. Copies of Mejias' motion, the court's order, and the amended complaint are attached as Exhibits H, I, and J.

10.     The amended complaint again alleges that Mejias resides at 4408 North 6th Street, Philadelphia, Pennsylvania and formerly contracted with GFI to deliver its food products in South Carolina. (Am. Compl. ¶ 4.)

11. In addition to Mejias, the amended complaint includes three new named Plaintiffs: Dennis Minter, who resides in New Jersey and formerly contracted with GFI to deliver its food products in that state; Jerry Fuller, who resides in New Jersey and formerly contracted with GFI to deliver its food products in that state, Pennsylvania, Maryland, and Delaware; and Jose Pena, who resides in New Jersey and formerly contracted with GFI to deliver its food products in that state, Maryland, and Delaware. (*Id.* ¶¶ 4, 6, 8, 9.)

12. Plaintiffs name the same ten Defendants. (*Id.* ¶¶ 13, 15-23.) And, as in the original complaint, they allege that GFI has its principal place of business at 350 County Road, Jersey City, New Jersey. (*Id.* ¶ 13.)

13. The amended complaint relies on the same underlying independent-contractor misclassification theory as the original complaint, but it includes an additional claim for overtime under New Jersey law and alternative claims for improper wage deductions under the laws of the states of Pennsylvania, Maryland, and South Carolina. (*Id.* ¶¶ 1, 2.)

14. Plaintiffs assert two putative nationwide classes: (i) a wage deduction class like that alleged in the original complaint, which includes independent-contractor drivers across the U.S. between July 18, 2013, and the present; and (ii) an overtime class that includes independent-contractor drivers across the U.S. who were not paid overtime between July 18, 2017, and the present. (*Id.* ¶¶ 33, 34.)

15. In the alternative, Plaintiffs allege several putative state-specific classes:

- a New Jersey wage deduction class that includes independent-contractor drivers who performed work in that state between July 18, 2013, and the present;

- a New Jersey overtime class that includes independent-contractor drivers who performed work in that state between July 18, 2017, and the present;

- a Pennsylvania wage deduction class that includes independent-contractor drivers who performed work in that state between July 18, 2016, and the present;

- a Maryland wage deduction class that includes independent-contractor drivers who performed work in that state between July 18, 2016, and the present; and

- a South Carolina wage deduction class that includes independent-contractor drivers who performed work in that state between July 18, 2016, and the present.

(*Id.* ¶¶ 35-39.)

16. In addition to bringing the same claims for violation of the NJWPL (on behalf of the nationwide and the alternate New Jersey wage deduction classes), breach of contract (on behalf of all classes), and violation of NJRICO (on behalf of the nationwide wage deduction class) (*id.* ¶¶ 105-09, 120-32), Plaintiffs allege the following causes of action:

- violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, for failure to pay overtime (on behalf of the nationwide and the alternate New Jersey overtime classes) (*id.* ¶¶ 110-19);

- violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, for making improper deductions from drivers' wages (on behalf of the alternate Pennsylvania wage deduction class) (*id.* ¶¶ 133-42);

- violation of the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*, for making improper deductions from drivers' wages (on behalf of the alternate Maryland wage deduction class) (*id.* ¶¶ 143-50); and

- violation of the South Carolina Payment of Wages Act, S.C. Code. § 41-10-10, *et seq.*, for making improper deductions from drivers' wages (on behalf of the alternate South Carolina wage deduction class) (*id.* ¶¶ 151-61).

### D. The parties agreed to a stay pending mediation.

17. On March 18, 2020, the court issued an order referring the case to mediation. On May 15, the parties filed a stipulation and proposed consent order to stay the case pending mediation. The court entered the consent order on May 18. Copies of the referral order, stipulation, and consent order are attached as Exhibits K, L, and M.[1]

---

[1] Affidavits of service from the State-Court Action are attached as Exhibit N. Motions for admission *pro hac vice* and associated orders are attached as Exhibit O. A copy of the docket is attached as Exhibit P.

5

18. In preparation for mediation, the parties each submitted a mediation statement setting forth their respective positions on liability and damages. Plaintiffs submitted their statement on August 13. GFI submitted its statement on August 14. (*See* Declaration of Margaret Santen ("Santen Decl.") ¶¶ 4-6.)

19. On August 18, the parties attended mediation, but did not settle their dispute. (*Id.* ¶ 3.)

20. On September 3, the stay was lifted.

## II. JURISDICTION UNDER CAFA

21. This Court has original jurisdiction over this putative class action under CAFA, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b), because (1) the number of members of all proposed classes in the aggregate is at least 100, (2) the citizenship of at least one proposed class member is diverse from that of at least one Defendant, and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs.

### A. The putative classes consist of at least 100 members.

22. 28 U.S.C. § 1332(d)(5)(B) requires that the number of members of all proposed classes in the aggregate be at least 100.

23. Plaintiffs allege that the proposed "Nationwide Wage Deduction Class" consists of "[a]ll truck drivers of Defendants who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages . . . between July 18, 2013, and the present." (Am. Compl. ¶ 33.)

24. As reflected in the following table, which shows the location of the GFI warehouses that the putative class members use(d), Defendants' counsel has reviewed relevant corporate

records and determined that the putative "Nationwide Wage Deduction Class," as defined in the amended complaint, has 276 members[2]:

| State of Warehouse | Number of Putative Class Members |
|---|---|
| Illinois | 12 |
| Massachusetts | 44 |
| New York | 13 |
| Texas | 58 |
| Virginia[3] | 12 |
| New Jersey | 137 |
| **Total** | **276** |

(*See* Declaration of Marie Reed ("Reed Decl.") ¶¶ 4-6.)

25. Because this putative class consists of at least 100 proposed members, the requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

**B.  The citizenship of at least one putative class member is different from the citizenship of at least one Defendant.**

26. Under 28 U.S.C. § 1332(d)(2)(A), "[t]he district courts shall have original jurisdiction of any civil action in which the matter . . . is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"

27. A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). GFI is a New Jersey corporation with its principal place of business at 350 County Road, Jersey City, New Jersey (constituting the location of the company's center of

---

[2] GFI is relying on Plaintiffs' putative class definitions only for purposes of this notice and reserves its right to challenge the definitions and class certification at the appropriate time. GFI disputes Plaintiffs' contention that there were "unlawfully withheld wages . . . and fees[.]" (Am. Compl. ¶¶ 33).

[3] Mejias used the warehouse in Virginia.

direction, control, and coordination, *i.e.*, its "nerve center"). (*See* Reed Decl. ¶ 3 & Ex. 1; Am. Compl. ¶ 13.) Thus, GFI is a citizen of New Jersey.

28.     Mejias is not a citizen of New Jersey. Indeed, Plaintiffs do not allege any connection between Mejias and New Jersey. Instead, they allege that he resides in Pennsylvania and previously contracted with GFI to deliver products in South Carolina. (*See* Am. Compl. ¶ 4.)

29.     Accordingly, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because there is diversity of citizenship between Mejias and GFI.

C.     **The amount in controversy exceeds $5 million, exclusive of interest and costs.**

30.     Under 28 U.S.C. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" The claims of individual class members are aggregated when determining whether CAFA's $5 million jurisdictional threshold is met. *See* 28 U.S.C. § 1332(d)(6).

31.     As discussed above, on August 13, Plaintiffs submitted a mediation statement setting forth their position on liability and damages. Plaintiffs' mediation statement calculated total potential damages well in excess of $5 million.[4] (Santen Decl. ¶ 5.)

32.     This is the first time that Plaintiffs provided information that the aggregate damages sought exceed $5 million. *See, e.g.*, *Munoz v. J.C. Penney Corp.*, 2009 WL 975846, at *4 (C.D. Cal. Apr. 9, 2009) (noting that courts have "upheld the use of settlement letters in showing a sufficient amount in controversy for purposes of removal"); *Molina v. Lexmark Int'l, Inc.*, 2008 WL 4447678, at *8 (C.D. Cal. Sept. 30, 2008) ("[P]arties in Lexmark's position *frequently* rely on

---

[4] If necessary, GFI will provide Plaintiffs' mediation statement, including their damages analysis, to the Court for in-camera review.

information obtained during mediation to support removal of a state action to federal court.") (emphasis added); *Mitchell v. Western Union*, 2007 WL 4440885, at *1 n.2 (D.N.J. Dec. 18, 2007) ("Since Plaintiff's Complaint is open-ended with respect to the amount in controversy, the Court must perform an independent appraisal of the value of the claim, taking into account the petition for removal and other evidence, including *plaintiff's settlement demands*, to determine whether plaintiff's claims meet the amount in controversy requirement.") (emphasis added; quotation marks and citations omitted).

33. Because the potential amount in controversy exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2) has been satisfied.

### III.   TIMELINESS OF REMOVAL

34. Defendants may remove a case to federal court "within 30 days after the receipt . . . of a copy of the initial pleading[.]" 28 U.S.C. 1446(b)(1). "[I]f the case stated by the initial pleading is not removable," Defendants may also remove a case to federal court within 30 days of receiving an "amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

35. In either scenario, "the triggering event focuses solely upon the defendant's receipt of a litigation document" from plaintiffs "demonstrating sufficient jurisdictional facts . . . supporting removal." *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 593 (D.N.J. 2016). "[T]hat is, the scope of the defendant's knowledge, at the initial pleading or otherwise, plays no role in triggering the 30-day removal clock." *Id. See also id.* at 596 ("28 U.S.C. § 1446(b) . . . imposes a time limit on such removal <u>only</u> where the plaintiff's initial pleading or subsequent

document sufficiently demonstrates removability.") (emphasis in original). Notably, Defendants have no "duty to investigate or supply facts outside those provided by" Plaintiffs. *Id.* at 596.

36. Neither the original complaint nor the amended complaint provided enough information to support removal. For example, neither contained a sufficient allegation of damages (or the size of the putative classes).

37. As discussed above, it was not until August 13 that Plaintiffs first provided a "paper" (*i.e.*, their mediation statement) stating that the potential amount in controversy exceeded $5 million. *See, e.g.*, *Molina*, 2008 WL 4447678, at *4 ("A document reflecting a settlement demand in excess of the jurisdictional minimum constitutes 'other paper' sufficient to provide notice that a case is removable and starts the thirty day window under § 1446(b).") (collecting cases).

38. GFI therefore timely removed because it filed this notice within 30 days of receiving from Plaintiffs an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

39. GFI has served a copy of this notice, including exhibits, on Plaintiffs, through their counsel, and will file a copy of the notice in the State-Court Action in accordance with 28 U.S.C. § 1446(d). A copy of the notice of the notice of removal that will be filed in the State-Court Action is attached as Exhibit Q.

WHEREFORE, GFI removes the above-captioned action now pending against it in the Superior Court of New Jersey, Law Division, Mercer County to the United States District Court for the District of New Jersey.

Dated: September 4, 2020  OGLETREE, DEAKINS, NASH, SMOAK
       Morristown, New Jersey    & STEWART, P.C.

/s Ryan T. Warden
Ryan T. Warden
10 Madison Avenue, Ste. 400
Morristown, NJ 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Email: Ryan.warden@ogletree.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2020 I caused a copy of the foregoing notice of removal with attached exhibits and declarations pursuant to Local Civil Rule 11.2 to be served upon Plaintiffs' below counsel via email, and on will on September 8, 2020, serve same via overnight mail:

    David E. Cassidy
    Yelena Kofman-Delgado
    VLASAC SHMARUK
    485B Route 1 South, Suite 120
    Iselin, NJ 08830
    Tel: (732) 494-3600
    dcassidy@vslaws.com
    ykofman@vslaws.com

    Shanon J. Carson
    Alexandra K. Piazza
    BERGER MONTAGUE PC
    1818 Market St., Suite 3600
    Philadelphia, PA 19103
    Telephone: (215) 875-3000
    scarson@bm.net
    apiazza@bm.net

    Attorneys for Plaintiffs

/s Ryan T. Warden
Ryan T. Warden

44127309.1