Ryan T. Warden
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Email: Ryan.warden@ogletree.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------

|  |  |
|---|---|
| ANIBAL MEJIAS, DENNIS MINTER, JERRY FULLER, and JOSE PENA, on behalf of themselves and those similarly situated, | : CIVIL ACTION NO. 3:20-cv-12365-BRM-TJB |
| Plaintiffs, | : |
| v. | : **ANSWER AND DEFENSES TO AMENDED COMPLAINT** |
| GOYA FOODS, INC., ROBERT I. UNANUE, FRANCISCO R. UNANUE, JOSEPH PEREZ, PETER UNANUE, DAVID KINKELA, REBECCA RODRIGUEZ, CARLOS G. ORTIZ, MIGUEL A LUGO, JR., CONRAD COLON, JOHN DOES 1 - 10 (said names being fictitious, real names unknown), ABC COMPANIES 1 - 10 (said names being fictitious, real names unknown), | : |
| Defendants. | : |

---------------------------------------------------

Defendants GOYA FOODS, INC. ("GFI"), ROBERT I. UNANUE, FRANCISCO R.

UNANUE, JOSEPH PEREZ, PETER UNANUE, DAVID KINKELA, REBECCA

RODRIGUEZ, CARLOS G. ORTIZ, MIGUEL A LUGO, JR., CONRAD COLON (collectively,

"Defendants"), by and through their attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,

answer Plaintiffs' Amended Complaint as follows:

## As to "INTRODUCTION"

**ALLEGATION 1.**    Plaintiff brings this action to redress Defendants' violations of the New Jersey Wage Payment Law (hereinafter "NJWPL"), N.J.S.A. 34:11-4.1, et seq., the New Jersey Civil RICO Act, N.J.S.A. 2C:41-1, *et seq*., and the common law of New Jersey. Plaintiffs also assert class action claims, in the alternative, for violations of the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1, et seq., the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, et seq., and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code. § 41-10-10, et seq., in addition to violations of the applicable New Jersey statutes set forth above.

1.    Paragraph 1 of the Amended Complaint asserts introductory material which does not require admission or denial. To the extent that a response to Paragraph 1 is deemed required, Defendants admit that Plaintiffs assert claims under the New Jersey Wage Payment Law ("NJWPL"), New Jersey Civil RICO Act ("NJRICO"), New Jersey common law, and, in the alternative, claims under the PWPCL, MWPCL, and SCPWA, but deny that Plaintiffs have any valid claims thereunder.

**ALLEGATION 2.**    Defendants unlawfully designated Plaintiffs and those similarly situated as independent contractors, and used that improper classification to unlawfully withhold compensation from them. Specifically, Defendants unlawfully withheld wages from Plaintiffs and those similarly situated by failing to pay overtime compensation for hours worked in excess of forty (40) per week and by deducting costs and fees associated with the drivers' leasing of vehicles, for fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damaged products, and other deductions not allowed by governing law.

2.    Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint.

**ALLEGATION 3.**    As a result of Defendants' unlawful actions, Plaintiffs and those similarly situated are owed compensation, wages, and other damages.

3.    Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint.

## As to "PARTIES"

**ALLEGATION 4.**    Plaintiff Mejias is an adult individual residing at 4408 North 6th Street, Philadelphia, PA 10140. Plaintiff Mejias was an employee of Defendants working as a truck driver in South Carolina from in or around May 2018 until on or about May 2019.

4.    Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint, except admit, upon information and belief, that Plaintiff Mejias is an adult individual residing in Philadelphia, Pennsylvania, and that from in or around May 2018 to June 2019, Plaintiff Mejias performed independent truck driving services for GFI through his own independent business, Mejias, LLC

**ALLEGATION 5.**    Plaintiff Mejias signed a form agreement labeled Independent Contractor's Service Agreement dated May 2018 (the "Agreement").

5.    Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint, except admit that Plaintiff Mejias, through his own business (Mejias, LLC), signed an agreement titled Goya Foods, Inc. Independent Contractor's Service Agreement, effective May 21, 2018, and that such document speaks for itself.

**ALLEGATION 6.**    Plaintiff Minter is an adult individual residing at 139 Smith Street, Elizabeth, NJ 07201. Plaintiff was an employee of Defendants working as a truck driver in New Jersey from in or around October 2014 until on or about May 2019.

6.    Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint, except admit, upon information and belief, that Plaintiff Minter is an adult individual residing in Elizabeth, New Jersey, and that from in or around October 2014 to May 2019, he performed independent truck driving services for GFI.

**ALLEGATION 7.**    Plaintiff Minter signed the form Agreement dated February 1, 2018.

7.    Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint, except admit that Plaintiff Minter signed an agreement titled Goya Foods, Inc.

3

Independent Contractor's Service Agreement, effective February 1, 2018, and that such document speaks for itself.

**ALLEGATION 8.**    Plaintiff Fuller is an adult individual residing at 123 Colonial Square Drive, Lindenwold, New Jersey 08021. Plaintiff was an employee of Defendants working as a truck driver in New Jersey, Pennsylvania, Maryland, and Delaware from in or around June 2010 until on or about June 2017.

8.    Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint, except admit, upon information and belief, that Plaintiff Fuller is an adult individual residing in Lindenwold, New Jersey, and that from in or around June 2010 to June 2017, he performed independent truck driving services for GFI.

**ALLEGATION 9.**    Plaintiff Pena is an adult individual residing at 12 Linda Lane, Egg Harbor Township, New Jersey 08234. Plaintiff was an employee of Defendants working as a truck driver in New Jersey, Maryland, and Delaware from in or around July 2017 until on or about June 2019.

9.    Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint, except admit, upon information and belief, that Plaintiff Pena is an adult individual residing in Egg Harbor Township, New Jersey, and that from in or around July 2017 to June 2019, he performed independent truck driving services for GFI.

**ALLEGATION 10.**    Defendants told Plaintiff Mejias that they utilized the Agreement as a standard independent contractor agreement for truck drivers with the common policies and practices at issue in this action. The Agreement is used to misclassify employees as independent contractors when in fact they are not independent contractors in practice.

10.    Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

**ALLEGATION 11.**    The Agreement purports to cover the terms and conditions of Plaintiffs' employment and, upon information and belief, is the same in all material respects set forth in this Complaint as agreements executed by other misclassified truck drivers.

11.    Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

4

**ALLEGATION 12.**  Defendant Goya is a company doing business in New Jersey and throughout the United States manufacturing and selling and delivering food products under the Goya brand name.

12.     Defendants admit that GFI is a producer and manufacturer of Latino food products headquartered in Jersey City, New Jersey that does business in New Jersey and throughout the United States and, that GFI uses the brand name Goya, but denies the remaining allegations contained in Paragraph 12 of the Amended Complaint.

**ALLEGATION 13.**  Defendant Goya has its principal place of business located at 350 County Road, in the City of Jersey City, in the State of New Jersey and has multiple facilities throughout the United States.

13.     Defendants admit the allegations contained in Paragraph 13 of the Amended Complaint.

**ALLEGATION 14.**  Defendant Goya is an employer of Plaintiffs, as defined by the NJWPL and NJWHL.

14.     Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

**ALLEGATION 15.**  Defendant Robert I. Unanue is an adult individual and an officer of Defendant.

15.     Defendants admit the allegations contained in Paragraph 15 of the Amended Complaint, except deny that Robert I. Unanue or any other individual defendant is a properly named party in this action.

**ALLEGATION 16.**  Defendant Francisco R. Unanue is an adult individual and an officer of Defendant Goya.

16.     Defendants admit the allegations contained in Paragraph 16 of the Amended Complaint, except deny that Francisco R. Unanue or any other individual defendant is a properly named party in this action.

5

**ALLEGATION 17.**  Defendant Joseph Perez is an adult individual and an officer of Defendant Goya.

17.    Defendants admit the allegations contained in Paragraph 17 of the Amended Complaint, except deny that Joseph Perez or any other individual defendant is a properly named party in this action.

**ALLEGATION 18.**  Defendant Peter Unanue is an adult individual and an officer of Defendant Goya.

18.    Defendants admit the allegations contained in Paragraph 18 of the Amended Complaint, except deny that Peter Unanue or any other individual defendant is a properly named party in this action.

**ALLEGATION 19.**  Defendant David Kinkela is an adult individual and an officer of Defendant Goya.

19.    Defendants admit the allegations contained in Paragraph 19 of the Amended Complaint, except deny that David Kinkela or any other individual defendant is a properly named party in this action.

**ALLEGATION 20.**  Defendant Rebecca Rodriguez is an adult individual and an officer of Defendant Goya.

20.    Defendants admit that Rebecca Rodriguez was an adult individual and officer of Defendant Goya but deny the remaining allegations in Paragraph 20 of the Amended Complaint and further deny that Ms. Rodriguez or any other individual defendant is properly named in this action.

**ALLEGATION 21.**  Defendant Carlos G. Ortiz is an adult individual and an officer of Defendant Goya.

21.    Defendants admit the allegations contained in Paragraph 21 of the Amended Complaint, except deny that Carlos G. Ortiz or any other individual defendant is a properly named party in this action.

6

**ALLEGATION 22.**  Defendant Miguel A. Lugo, Jr. is an adult individual and an officer of Defendant Goya.

22.    Defendants admit the allegations contained in Paragraph 22 of the Amended Complaint, except deny that Miguel A. Lugo or any other individual defendant is a properly named party in this action.

**ALLEGATION 23.**  Defendant Conrad Colon is an adult individual and an officer of Defendant Goya.

23.    Defendants admit the allegations contained in Paragraph 23 of the Amended Complaint, except deny that Conrad Colon or any other individual defendant is a properly named party in this action.

**ALLEGATION 24.**  Defendant John Does 1-10 (said names being fictitious, real names unknown) are all unknown employees of Goya Foods., Inc. and additional officers and owners of Defendant Goya.

24.    The allegations contained in Paragraph 24 of the Amended Complaint are not directed toward these Defendants, and thus, no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

**ALLEGATION 25.**  Defendant ABC Companies 1-10 (said names being fictitious, real names unknown) are all unknown business entities associated with Defendant who employ truck drivers delivering Goya products as independent contractors or owner operators.

25.    The allegations contained in Paragraph 25 of the Amended Complaint are not directed toward these Defendants, and thus, no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

**ALLEGATION 26.**  At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

### As to "JURISDICTION AND VENUE"

**ALLEGATION 27.**  This Court has jurisdiction over this matter as the Agreement has a choice of law and choice of venue provision designating New Jersey law as the governing law and New Jersey as the venue for any litigation between the parties. Specifically, the Agreement states in Section 12:

> (e) New Jersey Law and Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey both as to interpretation and performance, without regard to New Jersey's conflict-of-law rules, and any dispute arising under this Agreement or relating to the relationship created by this Agreement shall be subject to the exclusive jurisdiction of the federal or state courts of New Jersey.

27.     To the extent Paragraph 27 of the Amended Complaint purports to assert conclusions of law, no response is required. Further, to the extent Paragraph 27 of the Amended Complaint purports to recite the contents of a written agreement, to which Defendants respectfully refer the court for its full content and meaning.  To the extent that a response to Paragraph 27 is deemed required, Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

**ALLEGATION 28.**  This Court has personal jurisdiction over Defendants as they conduct substantial business in New Jersey and their principal place of business is located in New Jersey.

28.     Paragraph 28 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent that a response to Paragraph 28 is deemed required, Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

**ALLEGATION 29.**  Venue is proper in Mercer County under R. 4:3-2(b) as Defendants conduct substantial business throughout Mercer County and Defendant Goya's registered agent is located in Mercer County.

29.     Paragraph 29 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent that a response to Paragraph 29 is deemed required, Defendants deny the allegations except admit that GFI has a registered agent located in Mercer County.

## As to "CLASS ACTION ALLEGATIONS"

**ALLEGATION 30.**  The foregoing paragraphs are incorporated herein as if set forth in their entirety.

30.     Defendants' responses to Paragraphs 1 — 29 are incorporated herein.

**ALLEGATION 31.**  Pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure, Plaintiffs bring their claims for relief to redress Defendants' violations of applicable laws on behalf of themselves and those similarly situated.

31.     Paragraph 31 of the Amended Complaint asserts introductory material which does not require admission or denial. To the extent that a response to Paragraph 31 is deemed required, Defendants admit that Plaintiffs assert claims under the NJWPL, NJRICO, New Jersey common law, PWPCL, MWPCL, and SCWPA, but deny that Plaintiffs have any viable claims thereunder or that they are "similarly situated."

**ALLEGATION 32.**  Defendants misclassified Plaintiffs and all those similarly situated as independent contractors instead of employees under the standard articulated pursuant to applicable wage laws and New Jersey Supreme Court precedent.

32.     Paragraph 32 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

**ALLEGATION 33.**  Plaintiffs seek to represent the following nationwide class of all those similarly situated who worked or work for Defendants as truck drivers and who were subject to the unlawful policies of Defendants:

All truck drivers of Defendants who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages from by deducting costs and fees associates with drivers' leasing vehicles, for fuel and

maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damages products, and other deductions not allowed by governing law between July 18, 2013 and the present ("Nationwide Wage Deduction Class").

33.    Defendants admit that Plaintiffs seek to represent a class of individuals as they have defined above, but deny that this action can proceed as a class action, that the class above is appropriate, that Plaintiffs have any viable claims, and otherwise deny the allegations contained in Paragraph 33 of the Amended Complaint.

**ALLEGATION 34.**  Plaintiffs also seek to represent the following nationwide class of all those similarly situated who worked or work for Defendants as truck drivers and who were subject to the unlawful policies of Defendants:

All truck drivers of Defendants who were designated as independent contractors or owner operators who were not paid overtime compensation when they worked more than forty (40) hours per week between July 18, 2017 and the present ("Nationwide Overtime Class").

34.    Defendants admit that Plaintiffs seek to represent a class of individuals as they have defined above, but deny that this action can proceed as a class action, that the class above is appropriate, that Plaintiffs have any viable claims, and otherwise deny the allegations contained in Paragraph 34 of the Amended Complaint.

**ALLEGATION 35.**  In the alternative, Plaintiffs seek to represent the following class of all those similarly situated who worked or work for Defendants as truck drivers and who were subject to the unlawful policies of Defendants:

All truck drivers of Defendants who performed work in New Jersey who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages from by deducting costs and fees associates with drivers' leasing vehicles, for fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damages products, and other deductions not allowed by governing law between July 18, 2013 and the present ("New Jersey Wage Deduction Class").

35.    Defendants admit that Plaintiffs seek to represent a class of individuals as they have defined above, but deny that this action can proceed as a class action, that the class above is

appropriate, that Plaintiffs have any viable claims, and otherwise deny the allegations contained

in Paragraph 35 of the Amended Complaint.

**ALLEGATION 36.**  In the alternative, Plaintiffs also seek to represent the following class of all those similarly situated who worked or work for Defendants as truck drivers and who were subject to the unlawful policies of Defendants:

> All truck drivers of Defendants who performed work in New Jersey who were designated as independent contractors or owner operators who were not paid overtime compensation when they worked more than forty (40) hours per week between July 18, 2017 and the present ("New Jersey Overtime Class").

36.    Defendants admit that Plaintiffs seek to represent a class of individuals as they

have defined above, but deny that this action can proceed as a class action, that the class above is

appropriate, that Plaintiffs have any viable claims, and otherwise deny the allegations contained

in Paragraph 36 of the Amended Complaint.

**ALLEGATION 37.**  In the alternative, Plaintiff Fuller seeks to represent the following class of all those similarly situated who worked or work for Defendants as truck drivers and who were subject to the unlawful policies of Defendants:

> All truck drivers of Defendants who performed work in Pennsylvania who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages from by deducting costs and fees associates with drivers' leasing vehicles, for fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damages products, and other deductions not allowed by governing law between July 18, 2016 and the present ("Pennsylvania Wage Deduction Class").

37.    Defendants admit that Plaintiff Fuller seeks to represent a class of individuals as

defined above, but deny that this action can proceed as a class action, that the class above is

appropriate, that Plaintiffs have any viable claims, and otherwise deny the allegations contained

in Paragraph 37 of the Amended Complaint.

**ALLEGATION 38.**  In the alternative, Plaintiffs Fuller and Pena seek to represent the following class of all those similarly situated who worked or work for Defendants as truck drivers and who were subject to the unlawful policies of Defendants:

All truck drivers of Defendants who performed work in Maryland who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages from by deducting costs and fees associates with drivers' leasing vehicles, for fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damages products, and other deductions not allowed by governing law between July 18, 2016 and the present ("Maryland Wage Deduction Class").

38.     Defendants admit that Plaintiff Fuller and Plaintiff Pena seek to represent a class of individuals as they have defined above, but deny that this action can proceed as a class action, that the class above is appropriate, that Plaintiffs have any viable claims, and otherwise deny the allegations contained in Paragraph 38 of the Amended Complaint.

**ALLEGATION 39.**  In the alternative, Plaintiff Mejias seeks to represent the following class of all those similarly situated who worked or work for Defendants as truck drivers and who were subject to the unlawful policies of Defendants:

All truck drivers of Defendants who performed work in South Carolina who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages from by deducting costs and fees associates with drivers' leasing vehicles, for fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damages products, and other deductions not allowed by governing law between July 18, 2016 and the present ("South Carolina Wage Deduction Class").

39.     Defendants admit that Plaintiff Mejias seeks to represent a class of individuals as defined above, but deny that this action can proceed as a class action, that the class above is appropriate, that Plaintiffs have any viable claims, and otherwise deny the allegations contained in Paragraph 39 of the Amended Complaint.

**ALLEGATION 40.**  The Nationwide Wage Deduction Class, Nationwide Overtime Class and alternate classes comprised of the New Jersey Wage Deduction Class, New Jersey Overtime Class, Pennsylvania Wage Deduction Class, Maryland Wage Deduction Class, and the South Carolina Wage Deduction Class are collectively referred to as the "Classes" or "Drivers". Plaintiffs reserve the right to redefine the Classes following discovery as necessary.

40.     Defendants admit that Plaintiffs seek to pursue various different classes and that they have referred to the same by the titles above, but deny that any such classes are appropriate,

12

that this action can proceed as a class action, that Plaintiffs have any viable claims, and otherwise

deny the allegations contained in Paragraph 40 of the Amended Complaint.

**ALLEGATION 41.**  Excluded from the Classes are Defendants' officers, directors, agents, employees and members of their immediate families; and the judicial officers to whom this case is assigned, their staff, and the members of their immediate families.

41.    Defendants admit that Plaintiffs seek to exclude various individuals from the

"Classes" but deny that any such classes are appropriate, that this can proceed as a class action,

that Plaintiffs have any viable claims, and otherwise deny the allegations contained in Paragraph

41 of the Amended Complaint.

**ALLEGATION 42.**  Defendant Goya employs truck drivers throughout the United States and utilizes the independent contractor or owner operator classification regularly to satisfy its delivery needs, as further pleaded herein.

42.    Defendants deny the allegations contained in Paragraph 42 of the Amended

Complaint, except admit that independent contractors perform truck driving and delivery services

for GFI.

**ALLEGATION 43.**  Due to Defendant Goya using this classification of truck drivers under an Agreement with a New Jersey choice of law and venue provision and the drivers being scattered across the United States, it is impracticable to bring or join individual claims. The members within the Classes are scattered throughout the United States and so numerous that joinder of all members is impractical in satisfaction of New Jersey Court Rule 4:32-1(a)(1).

43.    Paragraph 43 of the Amended Complaint purports to assert conclusions of law to

which no response is required.  To the extent a response is deemed required Defendants deny the

allegations contained in Paragraph 43 of the Amended Complaint, and further deny that this

action may be maintained as a class action.

**ALLEGATION 44.**  Plaintiffs do know the exact size of the Classes, but such information is in the exclusive control of Defendants.

44.    Defendants admit that Plaintiffs may not know the exact size of the Classes they

seek to represent, and that Defendants have information regarding how many independent

contractor drivers with whom they have contracted, but deny that this action can proceed as a class action and otherwise deny the allegations contained in Paragraph 44 of the Amended Complaint.

**ALLEGATION 45.**  There are common questions of law and fact that affect the rights of every member of the Classes, and the types of relief sought are common to every member of the Classes. The same conduct by Defendants has injured each respective Class Member. Common questions of law and/or fact common to the respective Classes include, but are not limited to:

     a.  Whether Defendants improperly classified its independent contractor truck drivers;

     b.  Whether Defendants unlawfully deducted wages from the Class Members through this misclassification scheme;

     c.  Whether Defendants unlawfully withheld overtime compensation from Class Members through this misclassification scheme; and

     d.  Whether Defendants breached the Agreement with Class Members by maintaining wage deduction clauses in violation of public policy under the governing law of said Agreements.

45.    Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint, and further deny that this action may be maintained as a class action.

**ALLEGATION 46.**  These questions of law and/or fact are common to the Classes and predominate over any questions affecting only individual class members.

46.    Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint, and further deny that this action may be maintained as a class action.

**ALLEGATION 47.**  The claims of Plaintiffs are typical of the claims of the Classes as required by New Jersey Court Rule 4:32-1(a)(3), in that all claims are based upon the same factual and legal theories. It is the same conduct by each Defendant that has injured each member of the Classes.

47.     Paragraph 47 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint, and further deny that this action can proceed as a class action.

**ALLEGATION 48.**  Plaintiffs will fairly and adequately represent and protect the interests of the Classes, as required by New Jersey Court Rule 4:32-1(a)(4). Plaintiffs will fairly and adequately protect the interests of those similarly situated because Plaintiffs' interests are coincident with, and not antagonistic to, those of the Classes.

48.     Paragraph 48 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint, and further specifically deny that this action can proceed as a class action, or that any individuals are "similarly situated" to Plaintiffs.

**ALLEGATION 49.**  Plaintiffs have retained counsel with substantial experience in the handling of wage and hour class actions in New Jersey. Plaintiffs and their counsel are committed to the vigorous prosecution of this action on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor counsel have any interests adverse to those of the Classes.

49.     Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint, and further deny that this action can proceed as a class action.

**ALLEGATION 50.**  Plaintiffs' claims are typical of the claims of the those similarly situated because Plaintiffs, like all those similarly situated, were/are employees of the Defendants under common policies and practices.

50.     Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint, and further specifically deny that this action can proceed as a class action, or that any individuals are "similarly situated" to Plaintiffs.

**ALLEGATION 51.**  Class certification is appropriate pursuant to New Jersey Court Rule 4:32-1(b)(1) because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications that would establish

15

incompatible standards of conduct for Defendants and/or because adjudications respecting individual members of the Classes would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impending their ability to prosecute their interests.

51.     Paragraph 51 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint, and further deny that this action may proceed as a class action.

**ALLEGATION 52.**  A class action is superior to other available methods for the fair and efficient adjudication of the controversy under New Jersey Court Rule 4:32-1(b)(3).

52.     Paragraph 52 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint, and further deny that this action may proceed as a class action.

**ALLEGATION 53.**  Absent a class action, most members of the Classes likely would find the cost of litigating their claims to be prohibitive and will have no effective remedy at law, especially due to Defendants' use of a broad choice of law and venue provision thereby making it very difficult for individual class members to even seek redress.

53.     Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint, and further deny that this action may proceed as a class action.

**ALLEGATION 54.**  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

54.     Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint, and further deny that this action may proceed as a class action.

**ALLEGATION 55.**  Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of each putative class who has suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts

and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

55.    Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint, and further deny that this action may proceed as a class action.

**ALLEGATION 56.** Class certification is also appropriate because this Court can designate particular claims or issues for class-wide treatment and may designate one or more subclasses pursuant to New Jersey Court Rule 4:32-2(d).

56.    Paragraph 56 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint, and further deny that this action may proceed as a class action.

**ALLEGATION 57.** No unusual difficulties are likely to be encountered in the management of this action as a class action.

57.    Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint, and further deny that this action may proceed as a class action.

## As to "FACTUAL BACKGROUND"

**ALLEGATION 58.**  The foregoing paragraphs are incorporated herein as if set forth in their entirety.

58.    Defendants' responses to Paragraphs 1 — 57 are incorporated herein.

**ALLEGATION 59.** Goya owns and operates approximately fourteen (14) U.S. distribution centers throughout the United States.

59.    Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

**ALLEGATION 60.**  Goya ships its products to different grocery stores throughout the United States, many of them located in the State of New Jersey, for retail sale. In areas where it doesn't have a physical presence, it works with third-party distributors but otherwise it ships directly to retailers.

60.    Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint, except admit that GFI ships products to certain retailer locations and that third-party distributors ship GFI products to certain retailer locations.

**ALLEGATION 61.**  Goya employs more than 4,000 workers worldwide.

61.    Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

**ALLEGATION 62.**  More than 500 Goya salespeople regularly visit stores and take orders and merchandise Goya Foods, Inc. products for retail sale throughout the United States. When a Goya salesperson visits a store, they place an order on their handheld devices, and these orders are processed overnight for next-day delivery. Sales Orders are picked, loaded, and delivered to stores on a next-day basis.

62.    Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

**ALLEGATION 63.**  Goya delivers straight to its customers' stores, which range from big box retailers to neighborhood bodegas. Goya uses both traditional w-2 employees and it designates some truck driver employees as alleged independent contractors, also known as owner operators, to make its deliveries. Upon information and belief, Goya uses hundreds of truck drivers for its delivery operations.

63.    Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint except admit that GFI uses some W-2 drivers and some independent contractor drivers, known as owner operators, to make deliveries.

**ALLEGATION 64.**  All orders are filled from inventory in distribution centers and delivered by Goya by truck drivers that Goya hires. The Goya truck drivers, such as Plaintiffs, are misclassified as owner operators/independent contractors but in reality are employees of Goya.

64.    Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

**ALLEGATION 65.**  Truck driver delivery employees such as Plaintiffs are an integral part of Goya's business model.

18

65.    Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

**ALLEGATION 66.**  Truck driver delivery employees are not performing activities outside Goya's normal course of business or even outside its normal place of business as goods are produced and shipped directly to customers via an integrated chain of commerce. Goods are not distributed to a third-party site for delivery but rather flow continuously from Goya to its customers.

66.    Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

**ALLEGATION 67.**  Plaintiffs and the Class Members are not in business for themselves and instead rely on Defendants for their income.

67.    Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

**ALLEGATION 68.**  Plaintiffs and the Class Members have no control over what prices to charge Defendants' customers. All negotiations over the cost of work performed is done directly between Defendants and their customers.

68.    Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

**ALLEGATION 69.**  Defendants provide the training needed for Plaintiffs and the Class Members to perform their work.

69.    Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

**ALLEGATION 70.**  Defendants require Plaintiffs and the Class Members to perform work in accordance with Defendants' policies, manuals, and standard operating procedures.

70.    Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

**ALLEGATION 71.**  Defendants require that Plaintiffs and the Class Members operate under Goya's Department of Transportation ("DOT") number. Plaintiffs and the Class Members were not required to obtain individual DOT numbers.

71.    Defendants admit that Plaintiffs and other independent-contractor drivers engaged by GFI operate under GFI's DOT number and that they are not required to obtain individual DOT numbers. Defendants deny the remaining allegations contained in Paragraph 71 of the Amended Complaint.

**ALLEGATION 72.** Plaintiffs and the Class Members follow similar policies and practices irrespective of their work origin location.

72.    Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

**ALLEGATION 73.** Plaintiff Meijas began and ended each workday at Goya's location in Florence, South Carolina. He made deliveries on routes in South Carolina and North Carolina.

73.    Defendants admit that, upon information and belief, Plaintiff Mejias or an agent he hired or retained operated out of Florence, South Carolina and made deliveries in North Carolina and South Carolina. Defendants deny the remaining allegations contained in Paragraph 73 of the Amended Complaint.

**ALLEGATION 74.** Plaintiff Minter began and ended each workday at Goya's location in Jersey City, New Jersey.

74.    Defendants admit that, upon information and belief, Plaintiff Minter or an agent he hired or retained operated out of Jersey City, New Jersey but deny the remaining allegations contained in Paragraph 74 of the Amended Complaint.

**ALLEGATION 75.** Plaintiff Fuller worked for Defendants out of Goya's location in Pedricktown, New Jersey. He made deliveries on routes in New Jersey, Pennsylvania, Delaware, and Maryland.

75.    Defendants admit that, upon information and belief, Plaintiff Fuller or an agent he hired or retained operated out of Pedricktown, New Jersey and made deliveries in New Jersey, Pennsylvania, Delaware, and Maryland. Defendants deny the remaining allegations contained in Paragraph 75 of the Amended Complaint.

**ALLEGATION 76.** Plaintiff Pena worked for Defendants in Southern New Jersey. He made deliveries on routes in New Jersey, Delaware, and Maryland.

76. Defendants admit that, upon information and belief, Plaintiff Pena and/or an agent he hired or retained worked in Southern New Jersey and made deliveries in New Jersey, Delaware and Maryland. Defendants deny the remaining allegations contained in Paragraph 76 of the Amended Complaint.

**ALLEGATION 77.** Goya's truck drivers, including Plaintiffs, are provided a loaded trailer each night with delivery instructions with quantities and locations and truck drivers exercise no meaningful control over their deliveries.

77. Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

**ALLEGATION 78.** Plaintiff Mejias routinely left the Goya lot in Florence, South Carolina, in the Goya labeled truck around 3:00 a.m. He routinely worked 12 hours per day, five days per week, and sometimes up to 16 or 17 hours per day.

78. On information and belief, Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

**ALLEGATION 79.** Plaintiff Minter routinely left the Goya lot in Jersey City, New Jersey, in the Goya labeled truck between 6:00 and 7:00 a.m., depending on the day, and he returned to the lot between 6:00 and 8:00 p.m. each night. He routinely worked five or six days per week.

79. Defendants are without knowledge or information sufficient to admit or deny the specific arrival times of Plaintiff Minter or specific hours he worked each day and therefore deny the same. Defendants deny the remaining allegations contained in Paragraph 79 of the Amended Complaint.

**ALLEGATION 80.** Plaintiff Fuller typically began his workday for Goya at its warehouse in Pedricktown, New Jersey, between 4:00 a.m. and 5:30 a.m., and he returned to the lot after 5:00 p.m. each night. He routinely worked five or six days per week.

21

80.    Defendants are without knowledge or information sufficient to admit or deny the specific arrival times of Plaintiff Fuller or specific hours he worked each day and therefore deny the same. Defendants deny the remaining allegations contained in Paragraph 80 of the Amended Complaint.

**ALLEGATION 81.**  Plaintiff Pena typically began his workday for Goya between 3:30 a.m. and 5:30 a.m., and he routinely worked between 12 and 14 hours per day, five or six days per week.

81.    Defendants are without knowledge or information sufficient to admit or deny the specific arrival times of Plaintiff Pena or specific hours he worked each day and therefore deny the same. Defendants deny the remaining allegations contained in Paragraph 81 of the Amended Complaint.

**ALLEGATION 82.**  Goya required Plaintiffs and the Class Members to return their trucks to the trucking yard each day, and their vehicles would be fueled and loaded over night for next day deliveries, with written instructions what and where to deliver.

82.    Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

**ALLEGATION 83.**  Plaintiffs and the Class Members were not permitted to remove the trucks from the lot overnight or use them for purposes other than driving for Goya.

83.    Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

**ALLEGATION 84.**  Goya's truck drivers such as Plaintiffs and the Class Members make many direct customer stops per day, which are exclusively directed by Goya via delivery tickets, and these employees do not deliver to other customers. Goya knows this due to the volume of product and number of stops it assigns to each misclassified driver.

84.    Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

**ALLEGATION 85.**  Plaintiffs routinely worked in excess of 60 hours per week but were not provided any overtime compensation by Goya. Upon information and belief, many other Class Members performed duties and worked similar schedules.

85.     Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint, except admit that Plaintiffs were not provided with overtime compensation.

**ALLEGATION 86.**  Goya provided Plaintiffs and the Class Members with XRS handheld devices to plug into the trucks to track location, hours, and mileage. These devices generate DOT required reports that a true independent contractor would be required to supply independent of the company provided device. Upon information and belief, these same devices were also used for traditional w-2 truck driving employees.

86.     Defendants admit that since in or around December 2017, GFI provided Plaintiffs and other independent-contractor drivers with XRS handheld devices, which log mileage and hours of service for DOT compliance purposes and that such electronic devices and tracking of hours of service and mileage were required by DOT regulations and other laws. Defendants also admit that employee drivers were provided with the XRS handheld device for the same reasons. Defendants deny the remaining allegations contained in Paragraph 86 of the Amended Complaint.

**ALLEGATION 87.**  Plaintiffs and the Class Members did not utilize the vehicles for other clients.

87.     Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs and/or other independent-contractor drivers engaged by GFI utilized vehicles for other clients and therefore deny the same.

**ALLEGATION 88.**  Goya maintained dispatchers who directed and controlled deliveries and the truck drivers at all times and who would regularly communicate with Plaintiffs and the Class Members. Upon information and belief, the same dispatcher dispatched traditional W-2 truck drivers and the employees misclassified as independent contractor truck drivers like Plaintiffs.

88.     Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint.

23

**ALLEGATION 89.**  Plaintiffs and the Class Members were even required to get pre-approval for days off via the dispatcher.

89.    Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint.

**ALLEGATION 90.**  Plaintiffs' work is an active, integral and indispensable part of Goya's business enterprise.

90.    Defendants deny the allegations contained in Paragraph 90 of the Amended Complaint.

**ALLEGATION 91.**  Plaintiffs and the Class Members have rendered, and continue to render, valuable personal services to Defendants. The personal services described immediately above:

    a.  confer substantial benefits on Defendants;

    b.  are an integral part of the process which enable Defendants to supply their customers with product;

    c.  do not involve the kind of expertise which requires entrustment to an independent professional, as opposed to an employee.

91.    Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint.

**ALLEGATION 92.**  Plaintiffs and the Class Members are not free from Defendants' control over the method and manner of how the work is performed.

92.    Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

**ALLEGATION 93.**  Plaintiffs and the Class Members' work is not outside the ordinary course of Defendants' business.

93.    Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

**ALLEGATION 94.**  Plaintiffs have no bona fide ongoing business entity that could or did survive the termination from Defendants.

94.    Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

**ALLEGATION 95.** Defendants' attempted designation of drivers as independent contractors was a fraudulent fiction to hide the true employee status of these workers. Indeed, Defendants directed and controlled important aspects of their employment including deliveries and their schedule of work yet Defendants deducted money normally considered business expenses from the drivers' weekly paychecks ostensibly for payment for the truck leases and other costs and fees associated with deliveries of their product.

95.    Defendants deny the allegations contained in Paragraph 95 of the Amended Complaint.

**ALLEGATION 96.**  Defendants denied Plaintiffs and the Class Members other benefits such as overtime pay, paid time off, vacation pay, holiday pay and similar compensation benefits due to employees.

96.    Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint, except admit that Plaintiffs and other independent-contractor drivers engaged by GFI were not provided with overtime pay and other employee benefits due employees because they are/were independent contractors..

**ALLEGATION 97.**  Defendants paid Plaintiffs and the Class Members "commissions," which were based upon a percentage of delivered product assigned and provided to them to deliver each day.

97.    Defendants deny the allegations contained in Paragraph 97 of the Amended Complaint, except admit that GFI paid Plaintiffs and other independent-contractor drivers commissions for deliveries that qualified for same.

**ALLEGATION 98.**  Incentive pay was also given to Plaintiffs and the Class Members so long as the total amount of returns from a given day did not exceed a certain percentage of the product actually delivered.

98.    Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint, except admit that GFI paid Plaintiffs and other independent-contractor drivers commissions for deliveries that qualified for same.

**ALLEGATION 99.** Defendants, however, required Plaintiffs and the Class Members to pay for normal business expenses and costs that Defendants should have been paying.

99.    Defendants deny the allegations contained in Paragraph 99 of the Amended Complaint, except admit that Plaintiffs and other independent-contractor drivers engaged by GFI are/were responsible for their own business expenses.

**ALLEGATION 100.** Specifically, Plaintiff Mejias' Agreement states: "[Plaintiff] Contractor shall be responsible for paying all operating expenses and costs of operating the Equipment, including all expenses for fuel, oil, and repairs to the Equipment; . . . ."

100.    The allegations contained in Paragraph 100 of the Amended Complaint purport to recite language contained in Plaintiff Mejias's Agreement, the content of which speaks for itself.

**ALLEGATION 101.** The Agreement further created an unlawful "Reserve" account to secure its interests. The Agreement specifically states: "[Plaintiff] Contractor authorizes Carrier to deduct ten (10%) percent of Contractor's weekly commissions due Contractor from Carrier [Defendant Goya] under Section 3 of the Agreement (the "Reserve"). Carrier shall deposit the Reserve in an interest bearing account at such rates as Carrier, in its sole discretion, may secure from time to time for credit to Contractor. Interest shall accrue weekly and be calculated on the closing balance of the Reserve at the end of the week. From time to time, Contractor may (1) elect to discontinue further deductions at anytime provided the Reserve has a minimum balance of Four Thousand ($4,000) Dollars and (2) request the disbursement to Contractor of any excess over Four Thousand ($4,000) Dollars. Within seventy-five (75) days of the termination of the Agreement (or as soon as practicable thereafter) Carrier will pay to Contractor, after deducting all amounts due and owing Carrier under the Agreement, the balance of any monies held in the Reserve."

101.    The allegations contained in Paragraph 101 of the Amended Complaint purport to recite language contained in Plaintiff Mejias's Agreement, the content of which speaks for itself.

**ALLEGATION 102.** These deductions were itemized in each pay period (weekly) in the drivers' "Driver Commission Report" and the "Driver Commission Statement."

102.    Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint, except refer to any referenced "Driver Commission Report" and "Driver Commission Statement" for the true content and meaning thereof.

**ALLEGATION 103.** By way of example, Defendants unlawfully deducted from Plaintiff Mejias' paycheck, each week, the following:

26

d.      $125.00 for trailer rental;

e.      $150.00 for truck insurance;

f.      $23.94 for Helpers Workmen's Compensation insurance;

g.      $580.73 for truck lease;

h.      $250.00 for equipment;

i.      Fuel costs averaging approximately $400.00 - $500.00;

j.      A $2.50 for "professional fee" to administer the unlawful deductions;

k.      Approximately $276.64 to maintain the "Reserve" account in case Plaintiff could not work and pay the fees Defendants required; and

l.      Rejected goods at the time of delivery or Returns and damaged goods that were previously delivered by Plaintiff Mejias.


103.    Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

**ALLEGATION 104.** The Agreement, the general policies and practices, the commission reports and statements, and the amounts identified above are representative of the proposed Classes.

104.    Defendants deny the allegations contained in Paragraph 104 of the Amended Complaint and further deny that this action may be maintained as a class action.

### As to "FIRST COUNT"
**Violations of the New Jersey Wage Payment Law – Unlawful Deductions
(Against All Defendants on behalf of the Nationwide Deduction Class and the Alternate
New Jersey Wage Deduction Class)**

**ALLEGATION 105.** The foregoing paragraphs are incorporated herein as if set forth in their entirety.

105.    Defendants' responses to Paragraphs 1 — 104 are incorporated herein.

**ALLEGATION 106.** At all times relevant herein, Defendants stand/stood in an Employer/Employee relationship with the Plaintiffs and the Wage Deduction Class.

106.    Paragraph 106 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint.

**ALLEGATION 107.** At all times relevant herein, Defendants are/were responsible for paying wages to Plaintiffs and the Wage Deduction Class.

107.    Paragraph 107 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint.

**ALLEGATION 108.** Defendants violated the NJWPL by withholding wages for illegal deductions from Plaintiffs' and the Wage Deduction Class.

108.    Paragraph 108 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint.

**ALLEGATION 109.** As a result of Defendants' uniform policies and practices described above, Plaintiffs were illegally deprived of regular wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, and other compensation pursuant to N.J.S.A. 34:11-4.1, *et seq.*

109.    Paragraph 109 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 109 of the Amended Complaint, and further deny that Plaintiffs are entitled to any relief sought in the Amended Complaint, or any other relief.

**As to "SECOND COUNT"**
**Violations of the New Jersey Wage and Hour Law Payment Law – Unpaid Overtime**
**(Against All Defendants on Behalf of the Nationwide Overtime Class and the Alternate**
**New Jersey Overtime Class)**

**ALLEGATION 110.** The foregoing paragraphs are incorporated herein as if set forth in their entirety.

110.    Defendants' responses to Paragraphs 1 — 109 are incorporated herein.

**ALLEGATION 111.** Defendants are employers covered by the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a(1)(g) and 12:56-19.1.

111.    Paragraph 111 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint.

**ALLEGATION 112.** Plaintiffs and the Overtime Class are "employees" as defined by N.J.S.A. 34:11-56(a)(1)(d).

112.    Paragraph 112 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

**ALLEGATION 113.** The overtime wages sought by this claim are "wages" as defined by N.J.S.A. 34:11-56(a)(1)(d).

113.    Paragraph 113 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint.

**ALLEGATION 114.** Throughout the relevant period. Defendants have been subject to the NJWHL and the enabling Regulations noted here.

114.    Paragraph 114 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint.

29

**ALLEGATION 115.** Plaintiffs and the Overtime Class are entitled to overtime compensation at a rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per week pursuant to N.J.S.A. 12:56-6.1 and 12:56-6.5(b).

115.    Paragraph 115 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint.

**ALLEGATION 116.** Plaintiffs and the Overtime Class do not qualify for any exemption from the wage and overtime requirements of the NJWHL.

116.    Paragraph 116 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint.

**ALLEGATION 117.** The exact amount of compensation, including overtime compensation that Defendants have failed to pay Plaintiffs and the Overtime Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

117.    Defendants admit that they maintain certain records regarding Plaintiffs and other independent-contractor drivers showing commissions paid to them, among other items, but deny the allegations contained in Paragraph 117 of the Amended Complaint.

**ALLEGATION 118.** The NJWHL requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs and the Overtime Class are entitled to review their records to determine the exact amount of overtime wages owed by Defendants. Absent Defendants keeping these records as required by law, see N.J.S.A. 34:11-56(a)(20), Plaintiffs and the Overtime Class are entitled to submit their information about the number of hours worked.

118.    Paragraph 118 of the Amended Complaint purports to assert conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint.

**ALLEGATION 119.** As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Overtime Class are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

119.    Paragraph 119 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint.

### THIRD COUNT
### Breach of Contract – Failure to Pay Wages Due
### (Against Goya Foods on Behalf of the Classes)

**ALLEGATION 120.** The foregoing paragraphs are incorporated herein as if set forth in their entirety.

120.    Defendants' responses to Paragraphs 1 — 119 are incorporated herein.

**ALLEGATION 121.** By misclassifying Plaintiffs and the Classes as independent contractors and by unlawfully withholding overtime compensation and requiring Plaintiffs and the Classes to pay for costs and for the returns of unwanted or damaged goods, Defendants breached the Agreement because such deductions are against New Jersey public policy and hence were unenforceable agreements in violation of New Jersey public policy.

121.    Paragraph 121 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 121 of the Amended Complaint.

**ALLEGATION 122.** Plaintiffs and the Classes have suffered damages. The monies improperly withheld and deducted under the Agreement must be returned to Plaintiffs and the Classes as void against public policy.

122.    Defendants deny the allegations contained in Paragraph 122 of the Amended Complaint.

### As to "FOURTH COUNT"
### NJRICO
### (Against All Defendants on Behalf of the Nationwide Wage Deductions Class)

**ALLEGATION 123.** The foregoing paragraphs are incorporated herein.

123.    Defendants' responses to Paragraphs 1 — 122 are incorporated herein.

**ALLEGATION 124.** Defendants are a group of persons associated for the common purpose of carrying out the fraudulent scheme described in this Complaint; as a result,

Defendants and their officers, agents, and employees constitute an enterprise within the meaning of RICO.

124.    Defendants deny the allegations contained in Paragraph 124 of the Amended Complaint.

**ALLEGATION 125.** During all relevant times this enterprise was engaged in and its activities affected trade and commerce.

125.    Defendants deny the allegations contained in Paragraph 125 of the Amended Complaint.

**ALLEGATION 126.** The enterprise had a pattern of racketeering activity consisting of the commission of continuing acts of mail and wire fraud as described in this Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Amended Complaint.

**ALLEGATION 127.** Defendants conspired to defraud Plaintiffs and the Classes to mislead them to believe they were independent contractors.

127.    Defendants deny the allegations contained in Paragraph 127 of the Amended Complaint.

**ALLEGATION 128.** In doing so, Defendants created a contract with weekly unlawful deductions from wages as set forth, including for return of their goods, which were occurred in relation to deliveries. Defendants did this, in part, to avoid paying taxes and to avoid liability to third parties.

128.    Defendants deny the allegations contained in Paragraph 128 of the Amended Complaint.

**ALLEGATION 129.** The scheme is fraudulent in nature and required weekly acts of mail fraud and theft of wages to accomplish by transferring money labeled as commission but not wages for the purpose of avoiding subsidiary taxation to the enterprise, and for the purpose of avoiding paying other emoluments of employment by the enterprise. In effectuating these predicate acts, Defendants used both the mail and wires for the purpose of executing this scheme in violation of 18 U.S.C. §§ 1341 and 1343.

129.    Paragraph 129 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 129 of the Amended Complaint.

**ALLEGATION 130.** Defendants even created an unlawful "Reserve" account to secure any monies they unlawfully required Plaintiffs and the Wage Deduction Class to pay.

130.    Defendants deny the allegations contained in Paragraph 130 of the Amended Complaint.

**ALLEGATION 131.** Defendants also misrepresented to Plaintiffs and the Wage Deduction Class that it deducted money(s) for a lawful purpose when it withheld wages when in fact all such wages were withheld solely to benefit Defendants and not for any legal purpose.

131.    Defendants deny the allegations contained in Paragraph 131 of the Amended Complaint.

**ALLEGATION 132.** Defendants used their enterprise and a weekly pattern of unlawful predicates acts to accomplish depriving Plaintiffs and the Wage Deduction Class of wages owed to them in violation of the New Jersey Civil RICO Act, N.J.S.A. 2C:41-1, et seq.

132.    Paragraph 132 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 132 of the Amended Complaint.

### As to "FIFTH COUNT"
**Violations of the Pennsylvania Wage Payment Law – Unlawful Deductions**
**(Against All Defendants on behalf of the Alternate Pennsylvania Wage Deduction Class)**

**ALLEGATION 133.** The foregoing paragraphs are incorporated herein as if set forth in their entirety.

133.    Defendants' responses to Paragraphs 1 — 132 are incorporated herein.

**ALLEGATION 134.** To the extent New Jersey law is found not to apply, even though Goya included a Choice of Law Provision in its contract with Plaintiffs and the Classes, then Defendants' actions violate the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S.§ 260.1, *et seq.*

134.    Paragraph 134 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 134 of the Amended Complaint.

**ALLEGATION 135.** The PWPCL provides, in relevant part, as follows:

Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer. . . All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period. The wage shall be paid in lawful money of the United States or check, except that deductions provided by law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employer, may be made. . .

43 P.S§ 260.3

135.    The allegations contained in Paragraph 135 of the Amended Complaint purport to recite a provision of the Pennsylvania Wage Payment and Collection Law, to which Defendants respectfully refer the Court for the true content and meaning thereof.

**ALLEGATION 136.** Plaintiff Fuller was an employee of Defendants within the meaning of the PWPCL and, as such, was entitled to timely payment of wages due to him.

136.    Paragraph 136 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 136 of the Amended Complaint.

**ALLEGATION 137.** Defendants are an employer within the meaning of the PWPCL.

137.    Paragraph 137 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 137 of the Amended Complaint.

**ALLEGATION 138.** Defendants' policy of deducting, either directly or by separate transaction, amounts from the wages of Plaintiff Fuller and the Pennsylvania Wage Deduction Class for operating expenses which are properly the obligation of Defendants, results in a violation of the PWPCL.

34

138.    Paragraph 138 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 138 of the Amended Complaint.

**ALLEGATION 139.** Plaintiff Fuller and the Pennsylvania Wage Deduction Class Members have entered into Agreements with Defendants pursuant to which Plaintiff Fuller and the Class are to receive certain wages, in compensation for their work as truck drivers.

139.    Defendants deny the allegations contained in Paragraph 139 of the Amended Complaint.

**ALLEGATION 140.** Defendants' deduction from the wages due to Plaintiff Fuller and the Class are not authorized deductions within the meaning of the PWPCL and, upon information and belief, have not been authorized by the Pennsylvania Department of Labor and Industry.

140.    Paragraph 140 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 140 of the Amended Complaint.

**ALLEGATION 141.** Any consent or agreement by Plaintiffs and the Class related to the aforesaid deductions from their wages is unenforceable as contrary to public policy, as set forth in the PWPCL.

141.    Paragraph 141 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 141 of the Amended Complaint.

**ALLEGATION 142.** Accordingly, Plaintiff Fuller and the Pennsylvania Wage Deduction Class are entitled to wages, compensatory damages, statutory penalties, litigation costs, counsel fees, pre-and post-judgment interest, and such further relief as may be just and proper.

142.    Paragraph 142 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 142 of the Amended Complaint.

## As to "SIXTH COUNT"
### Violations of the Maryland Wage Law – Unlawful Deductions
### (Against All Defendants on behalf of the Alternate Maryland Wage Deduction Class)

**ALLEGATION 143.** The foregoing paragraphs are incorporated herein as if set forth in their entirety.

143.    Defendants' responses to Paragraphs 1 — 142 are incorporated herein.

**ALLEGATION 144.** To the extent New Jersey law is found not to apply, even though Goya included a Choice of Law Provision in its contract with Plaintiffs and the Classes, then Defendants' actions violate the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, et seq.

144.    Paragraph 144 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 144 of the Amended Complaint.

**ALLEGATION 145.** The MWPCL provides, in relevant part, that [a]n employer may not make a deduction from the wage of an employee unless the deduction is:

> (1) ordered by a court of competent jurisdiction;
>
> (2) authorized expressly in writing by the employee;
>
> (3) allowed by the Commissioner because the employee has received full consideration for the deduction; or
>
> (4) otherwise made in accordance with any law or any rule or regulation issued by a governmental unit.

Md. Code Ann., Lab. & Empl. § 3-503.

145.    The allegations contained in Paragraph 135 of the Amended Complaint purport to recite a provision of the Maryland Wage Payment and Collection Law, to which Defendants respectfully refer the Court for the true content and meaning thereof.

**ALLEGATION 146.** Plaintiffs Fuller and Pena were employees of Defendants within the meaning of the MWPCL and, as such, were entitled to timely payment of wages due to them.

146.    Paragraph 146 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 146 of the Amended Complaint.

**ALLEGATION 147.** Defendants are an employer within the meaning of the MWPCL.

147.    Paragraph 147 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 147 of the Amended Complaint.

**ALLEGATION 148.** Defendants' policy of deducting, either directly or by separate transaction, amounts from the wages of Plaintiffs Fuller and Pena and the Maryland Wage Deduction Class for operating expenses which are properly the obligation of Defendants, results in a violation of the MWPCL.

148.    Paragraph 148 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 148 of the Amended Complaint.

**ALLEGATION 149.** Defendants' failure and refusal to pay wages due as required by Maryland law was willful and intentional, was not the result of any bona fide dispute between Plaintiffs Fuller and Pena and the Maryland Wage Deduction Class and Defendants, and it was not in good faith.

149.    Paragraph 149 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 149 of the Amended Complaint.

**ALLEGATION 150.** As a consequence, Plaintiffs Fuller and Pena and the Maryland Wage Deduction Class are entitled to recover, in addition to their wages, up to three (3) times the amount of the wages claimed as liquidated damages pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2, as well as reasonable attorney's fees and costs.

150.    Paragraph 150 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 150 of the Amended Complaint.

## As to "SEVENTH COUNT"
### Violations of the South Carolina Payment of Wages Act – Unlawful Deductions
### (Against All Defendants on behalf of the Alternate South Carolina Wage Deduction Class)

**ALLEGATION 151.** The foregoing paragraphs are incorporated herein as if set forth in their entirety.

151.    Defendants' responses to Paragraphs 1 — 150 are incorporated herein.

**ALLEGATION 152.** To the extent New Jersey law is found not to apply, even though Goya included a Choice of Law Provision in its contract with Plaintiffs and the Classes, then Defendants' actions violate the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code. § 41-10-10, *et seq*.

152.    Paragraph 152 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 152 of the Amended Complaint.

**ALLEGATION 153.** The SCPWA provides, in relevant part, that "[a]n employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions as required by subsection (A) of § 41-10-30." S.C. Code § 41-10-40.

153.    The allegations contained in Paragraph 153 of the Amended Complaint purport to recite a provision of the South Carolina Payment of Wages Act, to which Defendants respectfully refer the Court for the true content and meaning thereof.

**ALLEGATION 154.** Plaintiff Mejias was an employee of Defendants within the meaning of the SCPWA and, as such, was entitled to timely payment of wages due to him.

154.    Paragraph 154 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 154 of the Amended Complaint.

**ALLEGATION 155.** Defendants are an employer within the meaning of the SCPWA.

155.    Paragraph 155 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 155 of the Amended Complaint.

**ALLEGATION 156.** Defendants' policy of deducting, either directly or by separate transaction, amounts from the wages of Plaintiff Mejias and the South Carolina Wage Deduction Class for operating expenses which are properly the obligation of Defendants, results in a violation of the SCPWA.

156.    Paragraph 156 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 156 of the Amended Complaint.

**ALLEGATION 157.** Plaintiff Mejias and the Class Members have entered into Agreements with Defendants pursuant to which Plaintiff Mejias and the Class are to receive certain wages, in compensation for their work as truck drivers.

157.    Defendants deny the allegations contained in Paragraph 157 of the Amended Complaint.

**ALLEGATION 158.** Defendants' deductions from the wages due to Plaintiff Mejias and the Class are not authorized deductions within the meaning of the SCPWA.

158.    Paragraph 158 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 158 of the Amended Complaint.

**ALLEGATION 159.** Defendants' deductions from the wages due to Plaintiff Mejias and the Class were not made in good faith and violated public policy.

159.    Paragraph 159 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 159 of the Amended Complaint.

**ALLEGATION 160.** Any consent or agreement by Plaintiff and the Class related to the aforesaid deductions from their wages is unenforceable under the Act. *See* S.C. Code § 41-10-100.

160.     Paragraph 160 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 160 of the Amended Complaint.

**ALLEGATION 161.** Accordingly, Plaintiff Mejias and the South Carolina Wage Deduction Class are entitled to wages, treble damages, litigation costs, counsel fees, and such further relief as may be just and proper.

161.     Paragraph 161 of the Amended Complaint purports to assert conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 161 of the Amended Complaint.

**WHEREFORE**, Plaintiff seeks the following relief on behalf of themselves and the Classes:

a)     An order certifying this action as a Class Action and authorizing notice to be sent, designating Plaintiffs as the Class Representatives and the undersigned counsel as Class Counsel;

b)     An Order holding Defendants are to compensate, reimburse, and make Plaintiffs and the Classes whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including, but not limited to, lost past earnings;

c)     A declaratory judgment that Defendants' wage practices alleged herein violate the applicable states' laws;

d)     An Order for injunctive relief ordering Defendants to comply with the applicable states' laws and end all of the illegal wage practices alleged herein;

e)     Judgment for damages for all unpaid regular wages to which Plaintiffs and the Wage Deduction Class are lawfully entitled under  the applicable states' laws'

f)     Judgment for damages for all unpaid overtime wages to which Plaintiffs' Overtime Class are lawfully entitled under the NJWHL;

g)      Treble and other damages as allowed for by statute;

h)      An Order directing Defendants are prohibited from continuing to maintain their policies, practices, or customs in violation of the state laws and principles of equity;

i)      An Order directing Defendants to pay Plaintiffs and members of the Classes pre- and post-judgment interest, reasonable attorney's fees and all costs connected with this action; and,

j)      Any and all other equitable relief which this Court deems fit.

**Answer to WHEREFORE paragraph**: Defendants deny the allegations of the "WHEREFORE" paragraph, and further deny that Plaintiffs and those they purport to represent are entitled to any relief sought under the "WHEREFORE" paragraph or any other relief.

## SEPARATE DEFENSES

Without assuming any burden that might otherwise rest with Plaintiffs, Defendants assert the following defenses:

1.      The Amended Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims, and the claims of those they seek to represent, are barred because they are not "employees" of Defendants under the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1, *et seq.*,  the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*, and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code. § 41-10-10, *et seq.*, and/or because those statues do not otherwise apply to them or their claims.

3.      Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent they were not paid wages under any of the applicable statutes.

4.      Plaintiffs' claims, and the claims of those they seek to represent, are barred because there is not a contract to pay wages undiminished by the adjustments made here and, in any event, to the extent no deductions were taken from earned wages.

5.      Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent any of the deductions challenged were authorized or otherwise permitted by law.

6.      Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent any amounts due were withheld in good faith pursuant to a bona fide dispute.

7.      Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part by the doctrines of waiver and/or estoppel.

8.      Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part by the doctrine of unclean hands.

9.      Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part by the applicable statutes of limitations and/or by shorter limitations periods imposed by contract.

10.      Defendants acted in good faith and without malice, willfulness, or evil intent.

11.      Any action against the individual defendants is premature, as Plaintiffs have not established primary liability against GFI or an inability of GFI to satisfy a potential judgment, which is expressly denied.

12.      Plaintiffs have not alleged facts regarding the individual defendants' alleged management of GFI sufficient to permit individual liability under the NJWPL or NJWHL.

13.      Plaintiffs' claims, and the claims of those they seek to represent, must be dismissed to the extent the Court lacks jurisdiction or venue is improper.

42

14.     Plaintiffs' claims, and the claims of those they seek to represent, must be dismissed to the extent the statutes they rely on do not apply to payments made to entities rather than individuals.

15.     Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent the statutes they rely on, in the context of their claims, are preempted by applicable law including but not limited to the Truth-In-Leasing ("TIL") regulations, 49 C.F.R. § 376.1, *et seq.*, and/or the Federal Aviation and Administration Authorization Act of 1994, 49 U.S.C. § 14501, *et seq.*

16.     Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part, by the doctrines of payment, accord, and satisfaction.

17.     This case may not be maintained as a class action as the putative classes are not sufficiently numerous, nor would joinder of all members be impracticable.

18.     This case may not be maintained as a class action because Plaintiffs' claims are not typical of the claims of the putative class members.

19.     Plaintiffs lack standing to be and are not adequate representatives of the putative classes.

20.     This case is not appropriate for class treatment because there are no common questions that would yield common answers to all putative class members.

21.     Class treatment is not proper because Plaintiffs cannot demonstrate that a class action is superior to other methods available for adjudicating any controversy.

22.     Class treatment is not proper because Plaintiffs' putative class definitions are legally deficient.

23.    A class action is improper because determining the applicability of the NJWPL, NJWHL, PWPCL, MWPCL, and SCPWA to each putative class member requires individualized inquiries.

24.    A class action is improper because individualized inquiries predominate over any issues common to the alleged class, the existence of which Defendants deny.

25.    A class action is improper because the NJWPL and the NJWHL do not apply extraterritorially, and Plaintiffs have pled putative nationwide classes which include members who did not live or work in New Jersey.

26.    Plaintiff Mejias's claims under the NJWPL and the NJWHL fail because he did not work in New Jersey and those statutes do not apply extraterritorially.

27.    Should it be determined that Plaintiffs and/or those they seek to represent are entitled to an award in this matter, any such award is subject to set off or offset and must be reduced accordingly, including because of any tax or other benefits Plaintiffs and/or those they seek to represent received and to the extent any such award would represent a windfall or double recovery.

28.    Plaintiffs are not entitled to injunctive or declaratory relief because the allegations in the Amended Complaint do not meet the legal requirements for such relief.

29.    Plaintiffs' wage-deduction claims under the NJWPL, PWPCL, MWPCL, and SCPWA, and the wage-deduction claims of those they seek to represent, are barred because each of those statutes expressly allows deductions that are otherwise allowed by law and, *inter alia*, the TIL regulations expressly authorize each of the deductions that form the basis of their claims.

30.    Plaintiffs' claims under the New Jersey RICO statute ("NJRICO"), N.J.S.A. 2C:41-1, *et seq.*, and the NJRICO claims of those they seek to represent, are barred because

Plaintiffs fail to plead the predicate mail and wire fraud claims with sufficient particularity and specificity under Federal Rule of Civil Procedure 9(b) and because they base those claims on a purported misrepresentation of law (*i.e.*, their alleged misclassification as independent contractors), but mail and wire fraud require a misrepresentation of fact. What is more, Plaintiffs are unable to show that there were any misrepresentations.

31.    Plaintiffs' NJRICO claims against GFI and the NJRICO claims against Goya Foods, Inc. of those they seek to represent, are barred because Plaintiffs have pled an association-in-fact enterprise consisting of GFI together with its employees and agents. But a RICO defendant must be distinct from the enterprise and where a corporate entity, like GFI, is named as defendant, it is not distinct from an enterprise consisting of that corporate defendant together with its employees and agents.

32.    Plaintiffs' NJRICO claims, and the NJRICO claims of those they seek to represent, are barred because Plaintiffs allege that Defendants engaged in the purported RICO scheme to avoid paying taxes and to avoid liability to third parties. But Plaintiffs, and those they seek to represent, do not have standing to recover for injuries supposedly suffered by third parties.

33.    Plaintiffs' NJRICO conspiracy claims, and the NJRICO conspiracy claims of those they seek to represent, are barred by the intra-corporate-conspiracy doctrine because Plaintiffs allege that GFI conspired with its employees.

34.    Plaintiffs' NJRICO conspiracy claims, and the NJRICO conspiracy claims of those they seek to represent, are barred because there was no underlying violation of NJRICO.

35.    Plaintiffs' NJRICO conspiracy claims, and the NJRICO conspiracy claims of those they seek to represent, are barred because Plaintiffs cannot demonstrate a conspiratorial agreement.

36.    Plaintiffs' NJRICO claims, and the NJRICO claims of those they seek to represent, are barred because there was no NJRICO enterprise. Instead, the alleged scheme merely consisted of Defendants conducting GFI's primary business activities.

37.    Plaintiffs' NJRICO claims, and the NJRICO claims of those they seek to represent, are barred because the individual Defendants did not participate in the alleged fraudulent activities.

38.    Plaintiffs' NJRICO claims, and the NJRICO claims of those they seek to represent, are barred because they cannot demonstrate a pattern of racketeering activity.

39.    Mejias' NJRICO claim is barred because that statute does not apply extraterritorially and he did not live, work, and/or suffer any injuries in New Jersey. In addition, the actions that form the basis of his claims did not occur in New Jersey and/or have an effect on New Jersey Commerce.

40.    A class action is improper because NJRICO does not apply extraterritorially, and Plaintiffs have pled putative nationwide classes which include members who did not live, work, and/or suffer any purported injury in New Jersey.

41.    A class action is improper because the applicable statute of limitations for claims under NJRICO bars some putative class members' claims, which raises over-inclusiveness, typicality, and predominance issues.

42.    A class action is improper because some putative class members are subject to defenses that do not apply to Plaintiffs and vice versa.

43.    A class action is improper with regard to Plaintiffs' NJRICO claims because issues of causation and reliance necessitate individualized inquiries.

44.    A class action is improper because the putative classes, as defined, are not ascertainable.

45.    Plaintiffs' breach-of-contract claims, and the breach-of-contract claims of those they seek to represent, are barred because GFI complied with the relevant agreements. In addition, Plaintiffs' contention that the deductions violate New Jersey public policy—rendering the relevant agreements unenforceable—does not support a claim for breach of contract.

## <u>RESERVATION OF RIGHTS</u>

In addition to the defenses stated above, Defendants reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Defendants request judgment dismissing the Amended Complaint against them with prejudice, granting to Defendants their costs and attorneys' fees, and granting to Defendants such other relief as the Court may deem just and proper.

Dated:   Morristown, New Jersey
         September 25 , 2020

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Ryan T. Warden*
Ryan T. Warden
10 Madison Avenue, Ste. 400
Morristown, NJ 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Email: ryan.warden@ogletree.com

*Attorneys for Defendants*

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 8.1 of the Local Rules of the District of New Jersey, Defendants demand a written statement of the amount of damages claimed by Plaintiffs within fourteen (14) days of service of the within Answer.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned certifies and declares that the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding contemplated by Defendants at this time.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _/s/ Ryan T. Warden _____
Ryan T. Warden

Dated: September 25, 2020

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby affirms that a true and correct copy of Defendants'

Answer to Plaintiff's Amended Compliant was electronically filed with the Court's Electronic

Case Filing system, which sent notification of such filing to counsel of record for Plaintiffs this

25th day of September, 2020:

David E. Cassidy, Esq.
Vlasac & Shmaruk, LLC
485 B. Route 1 South, Suite 120
Iselin, NJ 08830

Alexandra Koropey Piazza
Berger Montague PC
1818 Market St.
Suite 3600
Philadelphia, PA 19103

*Attorneys for Plaintiffs*

*/s/ Ryan T. Warden*
Ryan T. Warden

44195116.1

50