## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANIBAL MEJIAS, DENNIS MINTER, JERRY FULLER, and JOSE PENA, on behalf of themselves and those similarly situated,<br><br> Plaintiffs,<br><br> vs.<br><br>GOYA FOODS, INC., ROBERT I. UNANUE, FRANCISCO R. UNANUE, JOSEPH PEREZ, PETER UNANUE, DAVID KINKELA, REBECCA RODRIGUEZ, CARLOS G. ORTIZ, MIGUEL A LUGO, JR., CONRAD COLON, JOHN DOES 1 - 10 (said names being fictitious, real names unknown), ABC COMPANIES 1 - 10 (said names being fictitious, real names unknown),<br><br> Defendants. | Civil Action: 3:20-cv-12365-BRM-TJB |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF NEW JERSEY

## **<u>TABLE OF CONTENTS</u>**

I.  INTRODUCTION ............................................................................................1

II. LEGAL ARGUMENT.................................................................................4

    A. The Court May Review the Second Amended Complaint in Determining
         Whether Any Exceptions to CAFA Apply................................................4

    B. Plaintiffs Have Demonstrated that the Requisite Percentage of Potential
         Class Members Were Citizens of New Jersey ..........................................7

    C. The Court May Remand the Action Under the Mandatory Home State
         Exception, the Local Controversy Exception, or the Discretionary
         Exception ...............................................................................................11

         1.  The Mandatory Home State Exception Applies to This Case .......11

         2.  The Mandatory Local Controversy Exception Also Applies to This
             Case .............................................................................................12

         3.  If the Court Has Any Concern That Less Than Two-Thirds of the
             Class Members Are Citizens of New Jersey, the Court Could
             Remand the Action Pursuant to the Discretionary Exemption ......13

    III.CONCLUSION..................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Aana v. Pioneer Hi-Bred Int'l, Inc.*,
  No. 12-CV-00231, 2013 WL 1817264 (D. Haw. Apr. 26, 2013) .........................6

*Adams v. W. Marine Prod., Inc.*,
  958 F.3d 1216 (9th Cir. 2020) ...............................................................................9

*Benko v. Quality Loan Serv. Corp.*,
  789 F.3d 1111 (9th Cir. 2015) ...............................................................................6

*Bey v. SolarWorld Indus. Am., Inc.*,
  904 F. Supp. 2d 1103 (D. Or. 2012) .................................................................9, 11

*Castro v. Linden Bulk Transportation LLC*,
  No. 19-CV-20442, 2020 WL 2573288 (D.N.J. Apr. 20, 2020).................... *passim*

*Christensen v. Saint Elizabeth Med. Ctr., Inc.*,
  No. 2:19-CV-0043, 2020 WL 3491371 (E.D. Ky. June 26, 2020) .......................8

*Cook v. S.C. Pub. Serv. Auth.*,
  No. 6:19-CV-03285-TLW, 2020 WL 869741 (D.S.C. Jan. 21, 2020).................8

*Ellis v. Montgomery Cty.*,
  267 F. Supp. 3d 510 (E.D. Pa. 2017).....................................................................8

*Ellithy v. Healthcare Training Inst., Inc.*,
  No. 2:12-CV-06209, 2013 WL 3480206 (D.N.J. June 21, 2013) .........................7

*Hirschbach v. NVE Bank*,
  496 F. Supp. 2d 451 (D.N.J. 2007)..................................................................6, 15

*Hollinger v. Home State Mut. Ins. Co.*,
  654 F.3d 564 (5th Cir. 2011) .................................................................................8

*Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller (Miami) Inc.*,
  No. 05-CV-5197, 2006 WL 1995131 (D.N.J. July 14, 2006) .............................14

*Jones v. EEG, INC.*,
  No. 15-CV-5018, 2016 WL 1572901 (E.D. Pa. Apr. 18, 2016)............................7

*Kaufman v. Allstate N.J. Ins. Co.*,
   561 F.3d 144 (3d Cir. 2009) ....................................................................5

*Krasnov v. Dinan*,
   465 F.2d 1298 (3d Cir. 1972) ..................................................................7

*Lancaster v. Daymar Colleges Grp., LLC*,
   No. 3:11-CV-157, 2012 WL 524459 (W.D. Ky. Feb. 15, 2012) ...........6

*Mason v. Lockwood, Andrews & Newnam, P.C.*,
   842 F.3d 383 (6th Cir. 2016) ...................................................................8

*Mattera v. Clear Channel Commc'ns, Inc.*,
   239 F.R.D. 70 (S.D.N.Y. 2006) ...............................................................9

*McCann v. George W. Newman Irrevocable Tr.*,
   458 F.3d 281 (3d Cir. 2006) ....................................................................7

*Nop v. Am. Water Res., Inc.*,
   No. 15-CV-1691, 2016 WL 4890412 (D.N.J. Sept. 14, 2016)...............7

*Roberts v. Tribeca Automotive, Inc.*,
   No. 18-CV-8330, 2019 WL 522127 (D.N.J. February 11, 2019) .......15

*Schwartz v. Comcast Corp.*,
   No. 05-CV-2340, 2006 WL 487915 (E.D. Pa. Feb. 28, 2006)...............7

*Weider v. Verizon N.Y., Inc.*,
   No. 14-CV-7378, 2015 WL 3474102 (E.D.N.Y. June 2, 2015)...........9

## Statutes and Other Authorities

28 U.S.C. §1332(d), *et seq.*............................................................... *passim*

## I.   __INTRODUCTION__

On October 26, 2020, Plaintiffs Anibal Mejias, Dennis Minter, Jerry Fuller, and Jose Pena ("Plaintiffs") filed a Motion to Amend the Complaint and Remand this Matter to the Superior Court of New Jersey ("Mot. to Remand"). Dkt. No. 18. Defendants Goya Foods, Inc., *et al*. ("Defendants" or "Goya") did not oppose Plaintiffs' motion to amend the complaint (Dkt. No. 28), and thus this part of the motion should be granted. Goya's opposition to the motion focuses only on the request to remand. Dkt. No. 27.

Goya advances three arguments in opposition to the remand request: (1) that the Court should review the First Amended Complaint ("FAC") instead of the Second Amended Complaint ("SAC") in making its determination; (2) that residency may not be used to establish citizenship for purposes of determining CAFA jurisdiction; and (3) that the Court should not analyze the discretionary exception to CAFA to remand the action. Dkt. No. 28. Each of these arguments should be rejected by the Court for the reasons detailed below. Further, the overarching issue is one of equity and whether Goya should be allowed to manufacture federal jurisdiction based upon facts it knew were false and be permitted to remain in federal court to litigate an action that arises under New Jersey laws and involves primarily workers who live and work in New Jersey for Goya, a New Jersey employer. The answer to these questions is "no."

As discussed in Plaintiffs' opening brief, pursuant to Goya's own contract -- which contained a New Jersey choice of law provision, requiring that the action be filed in New Jersey and litigated under New Jersey state law – Plaintiff Mejias initiated this action in New Jersey state court on July 18, 2019 on behalf of himself and similarly situated delivery truck drivers (a/k/a "owner operators") who were misclassified as independent contractors by Goya. Goya knew at the time of filing the scope of the case, the claims in the case, and the citizenship of the parties, yet, instead of filing removal papers, it filed a Motion for Partial Dismissal of the Complaint and to Change Venue *within* the New Jersey state court system. Mot. to Remand at 3. Following a denial of the request to change venue and a partial denial of the motion to dismiss, Goya *still* did not remove the case to federal court, but instead filed an Answer to the Complaint on October 28, 2019 (over one year ago). *Id.* It was not until after Plaintiffs filed a First Amended Complaint, the case was stayed for alternative dispute resolution ("ADR"), and the parties engaged in an unsuccessful mediation attempt that Goya removed this case to federal court on September 4, 2020. *Id.* at 4. Goya then filed an Answer to Plaintiffs' FAC (Dkt. No. 6) and a Motion for Judgment on the Pleadings ("MJOP") (Dkt. No. 10).

After reviewing the data produced by Goya during the parties' ADR process, which showed that the alternative Rule 23 state law classes pleaded in the operative complaint were not viable because of a clear lack of numerosity – *which Goya knew*

*all the time* – Plaintiffs promptly filed the Proposed SAC to correct those issues. The SAC, which Plaintiffs could have filed even if they remained in state court (but Goya rushed to file the removal papers first): (1) withdrew the claims made against the individual Defendants, Robert I. Unanue, Francisco R. Unanue, Joseph Perez, Peter Unanue, David Kinkela, Rebecca Rodriguez, Carlos G. Ortiz, Miguel A Lugo, Jr., and Conrad Colon; (2) withdrew the NJRICO claims; (3) withdrew the breach of contract claim; (4) updated the record to reflect that Plaintiff Mejias is a resident of New Jersey; and (5) withdrew the alternate Rule 23 classes under Pennsylvania, Maryland, and South Carolina laws, leaving only the New Jersey Rule 23 Classes[1] and Plaintiff Mejias' individual claims.[2] The removal of these claims and classes, which Plaintiffs could not have known was appropriate until after they reviewed the mediation data and Goya's MJOP, deprive the Court of CAFA jurisdiction. Goya should not be allowed to keep this action in federal court by basing its arguments on

---

[1] Plaintiffs' proposed New Jersey Deduction and Overtime Classes are brought on behalf of "all truck drivers who performed work for Goya in the State of New Jersey and who were designated as independent contractors or owner operators" during the applicable statutes of limitations. *See* SAC ¶¶ 14-15, Dkt. No. 18-2. The New Jersey Deduction and Overtime Classes are referred to herein as the "Classes" or "Drivers". The definition of the New Jersey Classes is unchanged between the FAC and SAC.

[2] Plaintiff Mejias retained his potential¸ alternate individual wage and hour claims under South Carolina law. These narrow alternate claims are brought in an abundance of caution and only to apply if the Court does not apply New Jersey law to his work. The claims do not impact the New Jersey Classes.

a prior pleading containing claims and classes Goya sought to dismiss, which Plaintiffs *agreed to and did dismiss* through the SAC.

Accordingly, for the reasons discussed herein, the Court should review the SAC when determining if it has CAFA jurisdiction, and the Court may rely on the Home State Exception (28 U.S.C. §1332(d)(4)(B)), the Local Controversy Exception (28 U.S.C. § 1332(d)(4)(A)), and/or the Discretionary Exception (28 U.S.C. § 1332(d)(3)) to CAFA in remanding this action to the Superior Court of New Jersey for further proceedings.

## II.   <u>LEGAL ARGUMENT</u>

### A.    **The Court May Review the Second Amended Complaint in Determining Whether Any Exceptions to CAFA Apply**

While Goya is correct that courts typically review the complaint on file when the removal papers were filed, there is precedent, including in this District, for reviewing an amended complaint filed after removal. *See, e.g.*, *Castro v. Linden Bulk Transportation LLC*, No. 19-CV-20442, 2020 WL 2573288 (D.N.J. Apr. 20, 2020), *report and recommendation adopted,* 2020 WL 2571680 (D.N.J. May 20, 2020). Like here, in *Castro*, the action involved a group of truck drivers who worked out of New Jersey and were classified as "independent contractor owner-operators" by the defendants. *Castro*, 2020 WL 2573288, at *1. The action was brought in New Jersey state court. Defendants removed the action to the District of New Jersey and then filed a motion to dismiss the complaint. In response, the plaintiff filed an

4

amended complaint removing all defendants except the one who was located in New Jersey. Plaintiff then filed a motion to remand based on exceptions to CAFA. *Id.* In remanding the action, the District of New Jersey reviewed the *amended complaint* and held that "under controlling Third Circuit precedent, it is the defendants who *remain* in the action at the time of the remand determination that govern whether CAFA's exceptions apply." *Id.* at *3 (citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144 (3d Cir. 2009)).

The same outcome should apply here. Similar to *Castro*, Plaintiffs here filed the SAC in response to Goya's dispositive motion and information that only became available to Plaintiffs from Goya through the parties' ADR process. While not filed as of right, Goya did not oppose the filing of the SAC, which gives Plaintiffs leave to file it pursuant to Fed. R. Civ. 15(a)(2). Plaintiffs' SAC streamlined the causes of action, eliminated certain individually named Defendants, and, most importantly to this Motion to Remand, removed non-viable Rule 23 classes based on the simple fact – *always known to Goya* – that those classes do not exist for lack of numerosity. Mot. to Remand at 4. This amendment was made in good faith and in response to the data produced *by Goya* to Plaintiffs regarding these numbers during the parties' ADR process. Had Goya filed the same MJOP in state court, instead of rushing to remove the action immediately after the unsuccessful mediation, Plaintiffs could have made the same amendments in state court, thus clearly removing any basis for

CAFA jurisdiction – which Goya already knew did not exist based on its own information. Goya should not be allowed to remain in federal court based on a defunct pleading that has since been corrected.

Moreover, courts around the country have permitted amendments after removal in certain circumstances so that plaintiffs may address or clarify issues relevant to CAFA. *See e.g.*, *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 453 (D.N.J. 2007) (analyzing amended complaint filed after removal when determining that the home state exception to CAFA jurisdiction applied); *see also Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015) (allowing plaintiff to amend complaint to address jurisdictional issues under local controversy exception, holding "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA"); *Aana v. Pioneer Hi-Bred Int'l, Inc.*, No. 12-CV-00231, 2013 WL 1817264, at *8 (D. Haw. Apr. 26, 2013) (analyzing subject matter jurisdiction under CAFA based on plaintiffs' second amended complaint filed after removal); *Lancaster v. Daymar Colleges Grp., LLC*, No. 3:11-CV-157, 2012 WL 524459, at *6 (W.D. Ky. Feb. 15, 2012) (allowing plaintiffs to amend their complaint and conduct jurisdictional discovery on citizenship before determining applicability of CAFA). Plaintiffs' SAC should likewise be reviewed when determining if remand is appropriate here.

**B.      Plaintiffs Have Demonstrated that the Requisite Percentage of Potential Class Members Were Citizens of New Jersey**

Goya's principal argument against application of the exceptions to CAFA is that residency does not establish citizenship for purposes of determining CAFA jurisdiction. In support of its argument, Goya relies on *Nop v. Am. Water Res., Inc.*, No. 15-CV-1691, 2016 WL 4890412 (D.N.J. Sept. 14, 2016), in which the court reiterated that "[c]itizenship is synonymous with domicile." *Nop*, 2016 WL 4890412, at *3 (citing *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006)). "[A]n individual's domicile is proven with residency 'coupled with a finding of intent to remain indefinitely.'" *Id.* (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)).[3]

Contrary to Goya's assertions, however, federal courts have not uniformly rejected residency as a proxy for citizenship. Indeed, federal courts in the Third Circuit and around the country have held that "a class member's residency creates a

---

[3] Goya also cites to *Ellithy v. Healthcare Training Inst., Inc.*, No. 2:12-CV-06209, 2013 WL 3480206 (D.N.J. June 21, 2013); *Jones v. EEG, INC.*, No. 15-CV-5018, 2016 WL 1572901 (E.D. Pa. Apr. 18, 2016); and *Schwartz v. Comcast Corp.*, No. 05-CV-2340, 2006 WL 487915 (E.D. Pa. Feb. 28, 2006). Plaintiffs respectfully submit, however, that *Castro* is far more on point as *Castro* dealt specifically with an employment matter and workers who worked in New Jersey, and the other cases did not. Indeed, *Ellithy* involved consumer fraud claims stemming from false promises at an educational center in New Jersey; *Jones* involved individuals who attended a beauty school in Pennsylvania; and *Schwartz* involved breach of contract and consumer protection claims related to high speed internet service in Pennsylvania.

7

rebuttable presumption of citizenship for the purposes of establishing the home state and local controversy exceptions to CAFA jurisdiction." *Ellis v. Montgomery Cty.*, 267 F. Supp. 3d 510, 519 (E.D. Pa. 2017) (distinguishing *Nop*); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 392 (6th Cir. 2016) (holding "the residency-domicile presumption fits particularly well in the CAFA exception context, where the moving party is tasked with demonstrating a fact-centered proposition about a mass of individuals, many of whom may be unknown at the time the complaint is filed and the case removed to federal court"); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence, however, is prima facie proof of his domicile.").[4]

Moreover, to the extent the Court looks beyond residency alone, in cases involving employment, domicile is supported where the individual maintained a mailing address and worked in the same state. *See, e.g.*, *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1222 (9th Cir. 2020) (while noting that residency is not a direct proxy for domicile, finding citizenship established in wage and hour action where

---

[4] *See also Christensen v. Saint Elizabeth Med. Ctr., Inc.*, No. 2:19-CV-0043, 2020 WL 3491371, at *7 (E.D. Ky. June 26, 2020) (citing *Mason* and holding home state exception satisfied where "over eighty percent of the proposed class are presumed to be citizens of Kentucky" based on notices being mailed to their home addresses); *Cook v. S.C. Pub. Serv. Auth.*, No. 6:19-CV-03285-TLW, 2020 WL 869741, at *8 (D.S.C. Jan. 21, 2020), *appeal filed* No. 20-1346 (4th Cir. Mar. 23, 2020) (analyzing residency-domicile presumption and holding "the evidentiary standard for establishing citizenship must be guided by practicality and reasonableness, particularly in large class actions").

8

"more than 90% of putative class members had last known mailing addresses in [the state]"); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1106 (D. Or. 2012) (finding local controversy and home state exceptions applied to employment action where "more than 90 percent of the potential class, consisting of other employees of this Defendant Oregon corporation working at an Oregon site, had a home address in Oregon during their employment"); *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (finding local controversy exception satisfied where "it is reasonably likely that more than two-thirds of the putative class members of the proposed class—all of whom work in New York—are citizens of New York"); *Weider v. Verizon N.Y., Inc.*, No. 14-CV-7378, 2015 WL 3474102 (E.D.N.Y. June 2, 2015) (assuming citizenship where employer was a citizen of New York and class members performed work solely for New York accounts). Accordingly, the Court should accept the last known addresses maintained by Goya as proof of domicile for the absent class members.

The District of New Jersey decision in *Castro* is particularly instructive on this point. As discussed above in *Castro*, after the defendant trucking company removed the action to federal court, the plaintiff filed an amended complaint, which the Court relied on in granting remand. *Castro*, 2020 WL 2573288, at *3. In its opposition, the defendant raised the same argument that Goya posits here: that plaintiff could not show that the requisite percentage of the proposed class were

9

citizens of New Jersey to trigger the CAFA exceptions. *Id.* at *3. The district court ordered jurisdictional discovery on the issue. *Id.* In response, defendants produced a spreadsheet that showed the state that issued the commercial driver's licenses for the potential class members during the class period, and it specifically admitted in the transmittal that "[b]ecause the Federal Motor Carrier Safety Regulations dictate that only an individual's 'jurisdiction of domicile' can issue a commercial driver's license, Defendants submit that this state of CDL issuance satisfied the request for the proposed class member citizenship information"). *Castro*, No. 19-CV-20442, Dkt. No. 25-2 (filed Mar. 10, 2020). The records showed that 78 percent of the proposed class had New Jersey issued drivers licenses. *Castro*, 2020 WL 2573288, at *3. The Court accepted this information and determined that the plaintiff satisfied her burden of showing that more than two-thirds of the class members were citizens of New Jersey. *Id.* The Court then concluded that the home state exception applied and recommended that the case be remanded to state court. *Id.*

This Court should follow *Castro*. Here, Plaintiffs submitted evidence showing – and Goya has not disputed that – at least two-thirds of the potential Class Members had last known addresses in New Jersey during their employment. Goya's own declaration admits that the information showed where the Drivers "resided." *See*

10

Goya's Opp, Ex. A, Declaration of Maria Reed (Dkt. No. 27-1).[5] While Goya does not state from where it pulled the last known residence information, like the drivers in *Castro*, the Drivers here had CDL drivers' licenses. If the Court requires additional information beyond residence to make the determination for citizenship (which it should not), Plaintiffs respectfully request that the Court order Goya to produce the information regarding in which state the CDL licenses were registered just as the Court did in *Castro*.[6]

### C.    The Court May Remand the Action Under the Mandatory Home State Exception, the Local Controversy Exception, or the Discretionary Exception

#### 1.    The Mandatory Home State Exception Applies to This Case

As discussed in Plaintiffs' opening brief, CAFA's mandatory "home state

---

[5] Goya's inclusion of two declarations from putative class members stating that they are residents of New York are red herrings. *See* Goya's Opp, Ex. B, Decl. of Hector Montijo (Dk.t No. 27-2); Ex. C, Decl. of Ulysses Rios (Dkt. No. 27-3). Plaintiffs admitted and the data supports that a small percentage of the class did not live in New Jersey. The declarations do nothing to cast doubt on the accuracy of data provided, nor do they undercut Plaintiffs' contention that more than two-thirds of the Drivers had last known addresses in New Jersey. The declarations do not advance Goya's arguments.

[6] Moreover, Plaintiffs maintain that Goya's records showing that at least 69.5% of the potential class members had last known addresses in New Jersey, coupled with the fact that they all worked for Goya in New Jersey, satisfy the citizenship requirements for the CAFA exceptions. *See Castro*, 2020 WL 2573288, at *3; *Bey*, 904 F. Supp. 2d at 1106 (accepting home addresses during employment as proof of citizenship). However, if the Court is so inclined, it could order limited jurisdictional discovery of the former Drivers to determine its current domiciliary makeup.

controversy" exception provides that a district court must decline to exercise jurisdiction over an action where two thirds of the proposed class, and the primary defendants, are citizens of the state in which the action was originally filed. Goya does not dispute that it is the primary Defendant from whom relief is sought. Nor does it dispute that Goya is a resident of New Jersey. Goya's only argument discussed above, is that the records do not show that two-thirds of the potential class are "citizens" of New Jersey. But, for the reasons discussed herein, Plaintiffs have satisfied their burden of showing that at least two-thirds of the proposed Classes are New Jersey citizens such that the Court should grant this Motion and remand this matter under the home state exception.

### 2. The Mandatory Local Controversy Exception Also Applies to This Case

Similarly, under CAFA's local controversy exception, a district court must decline CAFA jurisdiction when four circumstances are met:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant--
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and

12

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(II) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

Goya does not dispute that the second, third, and fourth prongs are satisfied here, and as discussed above, the first prong is also satisfied by the available evidence that Plaintiffs submitted from Goya's own records. Accordingly, the Court may also remand this matter under the local controversy exception.

> **3.    If the Court Has Any Concern That Less Than Two-Thirds of the Class Members Are Citizens of New Jersey, the Court Could Remand the Action Pursuant to the Discretionary Exemption**

While Goya did not and cannot now dispute that over two-thirds of the Drivers both worked and maintained addresses in New Jersey during their employment with Goya, if the Court has any concern about whether less than two-thirds of the Drivers are citizens of New Jersey based on Goya's currently available records, the Court could remand the action pursuant to the discretionary exception to CAFA.

As a preliminary matter, contrary to Goya's contention, Plaintiffs preserved their argument on the discretionary exception by raising it in a footnote and explaining that the Court could also remand the action under the more lenient

standard if there was concern that more than one-third but less than two-thirds of the proposed Classes are citizens of New Jersey. *See, e.g*., *Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller (Miami) Inc.*, No. 05-CV-5197, 2006 WL 1995131, at *4 (D.N.J. July 14, 2006) (holding it appropriate to preserv[e] non-critical arguments via footnote).

While Plaintiffs maintain that in excess of two-thirds of the Class Members are citizens of New Jersey, for thoroughness, Plaintiffs will address each prong of the discretionary exception. Pursuant to 28 U.S.C. § 1332(d)(3), a district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed. In so doing, the Court analyzes the following factors, which are satisfied here:

   (A) Whether the claims asserted involve matters of national or interstate interest;

   (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

   (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

   (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

   (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the

other members of the proposed class is dispersed among a substantial number of States; and

(F)  whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

All six statutory factors strongly favor remand here. Factors (A) and (B) weigh towards remand because the asserted claims involve violations of New Jersey wage and hour laws. Moreover, Plaintiffs seek recourse for alleged wage violations committed by a New Jersey employer, and they do not assert any federal violations.

Similarly, factor (C) weighs in favor of remand because the SAC is not pleaded to avoid federal jurisdiction, but rather to be consistent with the data and information produced by Goya during the parties' ADR process. Factors (D) and (E) also support remand. Although some Class Members may cross state lines while performing their jobs, the claims arise from employment with a New Jersey employer. Goya's primary place of business is located in New Jersey; the Drivers worked out of New Jersey facilities; and the data shows that a majority of Class Members resided in New Jersey during their employment with Goya. Finally, there are no other class actions asserting the same or similar claims on behalf of the Class Members. Thus, Factor (F) also weighs towards remand.

Because the six factors weigh toward remand, this matter is uniquely local. Accordingly, the Court should exercise its discretion and remand the matter to the Superior Court of New Jersey. *See e.g.*, *Hirschbach*, 496 F. Supp. 2d at 461; *Roberts*

15

*v. Tribeca Automotive, Inc*., No. 18-CV-8330, 2019 WL 522127 (D.N.J. February 11, 2019) (remanding action pursuant to the discretionary exception to CAFA).[7] The Court may also remand this action pursuant to the discretionary exception to CAFA.

## III.    **CONCLUSION**

Based upon the foregoing reasons, Plaintiffs respectfully request this Court to enter an order remanding this matter to the Superior Court of New Jersey.

Dated: November 30, 2020                     Respectfully submitted,

<div style="margin-left:40%">

s/ Alexandra K. Piazza
Shanon J. Carson (*pro hac vice*)
Alexandra K. Piazza (NJ 010922013)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net
apiazza@bm.net

David Cassidy (NJ 024061996)
Yelena Kofman-Delgado (NJ 004472012)
VLASAC SHMARUK
485B Route 1 South, Suite 120
Iselin, NJ 08830
Tel: (732) 494-3600
dcassidy@vslaws.com
ykofman@vslaws.com

*Attorneys for Plaintiffs*

</div>

---

[7] In *Roberts*, Judge Vasquez remanded a case involving substantially similar claims based upon the uniquely local nature of wage and hour law and issues. The Court did so over the objection of the defendant (an interstate trucking company) who argued that, although it was a New Jersey corporation and that between one-third and two-thirds of the class members were citizens of New Jersey, the outcome of the case would impact other interstate carriers, ocean shipping, port administration, and foreign and interstate commerce in general. *Roberts*, 2019 WL 522127, at *4.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been electronically filed with the Court and is available for download and viewing using the Court's Electronic Case Filing System on this 30th day of November, 2020.

/s/ Alexandra K. Piazza
Alexandra K. Piazza

17