<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

ANIBAL MEJIAS, *et al.*,

                Plaintiffs,

                v.

GOYA FOODS, INC., *et al.*,

                Defendants.

Case No. 3:20-cv-12365 (BRM) (TJB)

**MEMORANDUM & ORDER TO SHOW CAUSE**

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court is Plaintiffs Anibal Mejias ("Mejias"), Jerry Fuller ("Fuller"), Dennis Minter ("Minter"), and Jose Pena's ("Pena") (collectively, "Plaintiffs") Motion to Remand. (ECF No. 18.)[1] Defendants Goya Foods, Inc. ("Goya"), Robert I. Unanue, Francisco R. Unanue, Joseph Perez, Peter Unanue, David Kinkela, Rebecca Rodriguez, Carlos G. Ortiz, Miguel A. Lugo, Jr., and Conrad Colon (collectively, the "Officer Defendants") (together with Goya, "Defendants") opposed (ECF No. 27), Plaintiffs replied (ECF No. 29), and Defendants filed a sur-reply (ECF No. 32). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, (1) the parties are to engage in limited discovery on the issue of minimal diversity pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), as it relates to Plaintiffs' First Amended Complaint (ECF No. 1-3 at 5–

---

[1] Filed with Plaintiffs' Motion to Remand was a Motion to Amend. (ECF No. 18.) For the purposes of this Memorandum and Order to Show Cause, the Court will refer to each motion separately, as the Motion to Remand and the Motion to Amend.

32), (2) Defendants are ordered to show cause as to whether their removal satisfied CAFA's minimal diversity requirement, and (3) Plaintiffs' Motion is administratively terminated pending jurisdictional discovery and adjudication of the Court's Order to Show Cause.

Goya manufactures, sells, and delivers food products under the Goya brand name. (ECF No. 34 ¶ 10.) Plaintiffs worked for Goya as truck drivers for various periods of time between 2010 and 2019. (*Id.* ¶¶ 4–7.) According to Plaintiffs, "Goya delivers [its products] straight to its customers' stores, which range from big box retailers to small neighborhood stores. To make its deliveries, Goya uses both traditional [W]-2 employees as drivers, as well as other drivers that Goya designates as independent contractors, also known as owner operators." (*Id.* ¶ 33.)

Plaintiffs maintain "Goya unlawfully designated Plaintiffs and those similarly situated as independent contractors and used that improper classification to unlawfully withhold compensation from them." (*Id.* ¶ 2.) Plaintiffs specifically allege:

> Goya unlawfully withheld wages from Plaintiffs and those similarly situated by failing to pay overtime compensation for hours worked in excess of forty . . . per week, and by deducting money for truck and equipment rental, truck repairs and maintenance, permits and licenses, fuel, mileage taxes, fees, tolls, insurance, health insurance, returned or damaged products, and other deductions imposed by Goya that are not permitted under New Jersey law.

(*Id.*)

Mejias originally filed this class action on behalf of himself and others similarly situated on July 18, 2019 in the Superior Court of New Jersey, Law Division, Mercer County against Defendants (the "Original Complaint"). (*See generally* ECF No. 1-1 at 2–22.) The Original Complaint asserted Mejias and a class of Goya truck drivers "were designated as independent contractors or owner operators" and unlawfully denied wages from Goya through the deduction of "costs and fees associate[d] with drivers' leasing vehicles, . . . fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damage[d]

products, and other deductions not allowed by governing law." (*Id.* at 6–7.) Mejias alleged the following counts against Defendants: (1) violations of the New Jersey Wage Payment Law, N.J. Stat. Ann. §§ 34:11-4.1, *et seq.*; (2) breach of contract; (3) violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJRICO"), N.J. Stat. Ann. §§ 2C:41-1, *et seq.*; and (4) unjust enrichment. (*Id.* at 14–20.)

On August 22, 2019, Defendants moved to (1) dismiss Mejias's Original Complaint in its entirety against the Officer Defendants with prejudice; (2) dismiss the NJRICO claim against all Defendants with prejudice; (3) dismiss the unjust enrichment claim against Goya with prejudice; and (4) transfer the venue of the matter to Hudson County to adjudicate the remainder of Mejias's claims. (*Id.* at 25–26; *see also* ECF No. 1 ¶ 5.) Following Mejias's opposition and Defendants' reply, the Superior Court of New Jersey denied the motion to transfer venue and "dismissed the unjust enrichment claim, but otherwise denied Defendants' motion to dismiss." (ECF No. 1 ¶¶ 6–7; *see generally* ECF No. 1-2 at 2–6.)

On April 8, 2020, Mejias filed a motion to amend the Original Complaint. (ECF No. 1-2 at 40–41.) On May 8, 2020, the Superior Court of New Jersey granted Mejias's motion. (ECF No. 1-3 at 2–3.) Mejias subsequently added Minter, Fuller, and Pena as Plaintiffs and filed an amended complaint (the "FAC") against Defendants. (*See generally id.* at 5–32.) Like the Original Complaint, the FAC alleged Defendants "designated Plaintiffs and those similarly situated as independent contractors, and used that improper classification to unlawfully withhold compensation from them." (*Id.* at 6.)

Through the FAC, however, Plaintiffs sought to represent two separate nationwide classes of Goya workers. The first class of Goya workers included

> [a]ll truck drivers of Defendants who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages from by deducting costs and

3

> fees associate[d] with drivers' leasing vehicles, for fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damage[d] products, and other deductions not allowed by governing law between July 18, 2013 and the present ([the] "Nationwide Wage Deduction Class").

(*Id.* at 10.) The second class of Goya workers included "[a]ll truck drivers of Defendants who were designated as independent contractors or owner operators who were not paid overtime compensation when they worked more than forty (40) hours per week between July 18, 2017 and the present" (the "Nationwide Overtime Class"). (*Id.*)[2] Furthermore, in addition to the claims for violations of the New Jersey Wage Payment Law, NJRICO, and breach of contract set forth in the Original Complaint, the FAC also alleged violations of (1) the New Jersey Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a, *et seq.*; (2) the Pennsylvania Wage Payment Law, 43 P.S. §§ 260.1, *et seq.*; (3) the Maryland Wage Payment Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*; and (4) the South Carolina Payment of Wages Act, S.C. Code §§ 41-10-10, *et seq.* (*Id.* at 21–29.)

On May 18, 2020, following the parties' stipulation, the Court entered an order staying the matter pending mediation. (*See generally* ECF No. 1-4 at 2–5.) The parties, however, failed to settle their dispute and on September 3, 2020 the stay was lifted. (ECF No. 1 ¶¶ 19–20.) On September 4, 2020, Defendants removed the matter to this Court pursuant to CAFA. (*See generally id.*)

On October 6, 2020, Defendants filed a Motion for Judgment on the Pleadings. (ECF No. 10.) On October 26, 2020, Plaintiffs filed the Motion to Remand and Motion to Amend. (ECF No. 18.) On October 28, 2020, the Court entered an order granting Plaintiffs' request to stay briefing on the Motion for Judgment on the Pleadings pending a decision on the Motion to Amend.

---

[2] Plaintiffs alternatively sought to represent several state-specific classes, including (1) the "New Jersey Wage Deduction Class"; (2) the "New Jersey Overtime Class"; (3) the "Pennsylvania Wage Deduction Class"; (4) the "Maryland Wage Deduction Class"; and (5) the "South Carolina Wage Deduction Class." (*Id.* at 10–12.)

4

(ECF No. 22.) Defendants did not oppose Plaintiffs' request to amend. (ECF No. 28.) On December 4, 2020, the Honorable Tonianne J. Bongiovanni, U.S.M.J. granted Plaintiffs' Motion to Amend and directed the Clerk's Office to administratively terminate the Motion for Judgment on the Pleadings pending a decision on the present Motion to Remand. (ECF No. 33.)

On December 7, 2020, Plaintiffs filed their Second Amended Complaint ("SAC") against Goya without the Officer Defendants. (ECF No. 34.) Like the preceding Original Complaint and FAC, the SAC alleged Goya unlawfully designated Plaintiffs and other truck drivers as independent contractors and withheld compensation. (ECF No. 34 ¶ 2.) The SAC sets forth claims on behalf of Plaintiffs, the New Jersey Wage Deduction Class, and the New Jersey Overtime Class. (*Id.* ¶¶ 14–15.) The New Jersey Wage Deduction Class consists of

> [a]ll truck drivers who performed work for Goya in the State of New Jersey and who were designated as independent contractors or owner operators and from whom Goya withheld wages by deducting money associated with truck and equipment rental, truck repairs and maintenance, permits and licenses, fuel, mileage taxes, fees, tolls, insurance, health insurance, returned or damaged products, and/or other deductions set forth in Goya's records, between July 18, 2013 and the present . . . .

(*Id.* ¶ 14.) The New Jersey Overtime Class includes

> [a]ll truck drivers who performed work for Goya in the State of New Jersey and who were designated as independent contractors or owner operators, and who were not paid overtime compensation when they worked over forty (40) hours in a workweek, at any time between July 18, 2017 and the present . . . .

(*Id.* ¶ 15.) The SAC alleges (1) violations of the New Jersey Wage Payment Law on behalf of Minter, Fuller, Pena, and the New Jersey Wage Deduction Class; (2) violations of the New Jersey Wage and Hour Law on behalf of Minter, Fuller, Pena, and the New Jersey Overtime Class; (3) violations of the New Jersey Wage Payment Law on behalf of Mejias individually; (4) violations of the New Jersey Wage and Hour Law on behalf of Mejias individually; and,

5

alternatively, (5) violations of the South Carolina Payment of Wages Act on behalf of Mejias individually. (*Id.* ¶¶ 72–119.)

Plaintiff now moves to remand the matter to the Superior Court of New Jersey, arguing remand is required under several CAFA exceptions. (ECF No. 18-1 at 14–18; ECF No. 29 at 11–16.) Defendants oppose remand, arguing they have satisfied CAFA's jurisdictional requirements (ECF No. 27 at 8–9) and Plaintiffs have failed to meet their burden of establishing CAFA exceptions apply to the matter (*id.* at 11–17).[3]

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "CAFA confers on district courts 'original jurisdiction of any civil action' in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members ('numerosity requirement')." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6); *Standard Fire Ins. v. Knowles*, 133 S. Ct. 1345, 1347 (2013)). "With respect to the second requirement, known as the 'minimal diversity' requirement, CAFA provides that [minimal] diversity is satisfied if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Gallagher v. Johnson & Johnson Consumer Cos.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (quoting 28 U.S.C. § 1332(d)(2)(A)).

"Although removal statutes must generally be strictly construed, with any doubt to be resolved in favor of remand, . . . the presumption against removal does not apply to class actions

---

[3] Plaintiffs also filed a reply (ECF No. 29), and Defendants filed a sur-reply (ECF No. 32).

invoking jurisdiction under" CAFA. *Id.* Accordingly, the removing party bears the initial burden of establishing federal subject matter jurisdiction under CAFA. *Id.* "However, once jurisdiction has been established, the burden shifts to the party seeking remand to show that an exception requiring remand . . . applies." *Id.* (citing *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 153 (3d Cir. 2009); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003)).

"To determine whether CAFA's subject matter jurisdictional requirements are satisfied, courts consider the allegations in the complaint at the time of removal and defendant's notice of removal." *Castro v. Linden Bulk Transp. LLC*, Civ. A. No. 19-20442, 2020 WL 2573288, at *2 (D.N.J. Apr. 20, 2020) (citing *Coba v. Ford Motor Co.*, 932 F.3d 114, 119 (3d Cir. 2019); *Judon*, 773 F.3d at 500; *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007)); *Crista v. Drew Univ.*, Civ. A. No. 21-249, 2021 WL 1422935, at *11 (D.N.J. Apr. 14, 2021) ("Generally, courts assess CAFA jurisdiction based on the pleadings at the time of removal."); *Hall v. Welch Foods, Inc.*, Civ. A. No. 17-3997, 2017 WL 4422418, at *3 (D.N.J. Oct. 5, 2017) ("The Operative Complaint at the Time of Removal Governs CAFA Jurisdiction[.]"); *see also F5 Cap. v. Pappas*, 856 F.3d 61, 76 (2d Cir. 2017) ("At the time of removal, [plaintiff's] complaint contained a class-action claim that met CAFA's other jurisdictional requirements . . . . It therefore follows that the later failure of the class claim did not divest the district court of subject matter jurisdiction because *CAFA anchored jurisdiction at the time of removal*." (emphasis added)). "If there is no jurisdictional basis under CAFA, the case must be remanded to state court." *Canseven v. Just Pups, LLC*, Civ. A. No. 15-5633, 2015 WL 5455869, at *1 (D.N.J. Sept. 16, 2015). Here, at the time of Defendants' September 4, 2020 removal, the FAC was the operative complaint. (*See* ECF No. 1-3 at 5–32.)

In their Notice of Removal, Defendants assert their counsel "reviewed relevant corporate records and determined that the putative 'Nationwide Wage Deduction Class,' as defined in the

7

[FAC], has 276 members." (ECF No. 1 ¶ 24; *see also* ECF No. 1-6 ¶¶ 4–6.) Moreover, according to Defendants, Plaintiffs provided "a mediation statement setting forth their respective position[] on liability and damages" on August 13, 2020. (ECF No. 1 ¶ 18.) Defendants maintain this "mediation statement calculated total potential damages well in excess of $5 million." (*Id.* ¶ 31.) Plaintiffs do not appear to contest either of these assertions, and, instead, argue "[t]his action falls squarely within the mandatory Local Controversy and Home State exceptions to" CAFA. (ECF No. 18-1 at 14; *see also id.* at 12–13 ("Even if federal jurisdiction were proper under CAFA, as Goya alleges, once the SAC is filed, the action must be remanded under either the Local Controversy . . . or Home State . . . exceptions to CAFA.").) The Court, accordingly, finds Defendants have adequately established two of the three CAFA jurisdictional requirements.

CAFA's minimal diversity requirement, however, is not as clear. Although Plaintiffs do not appear to challenge Defendants' satisfaction of this requirement (*see generally* ECF No. 18-1 at 12–18; ECF No. 29), "federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). In support of removal, Defendants note Goya is a New Jersey corporation with its principal place of business in Jersey City, New Jersey. (ECF No. 1 ¶ 27; *see also* ECF No. 1-3 at 8 (Plaintiffs alleging "Goya has its principal place of business located at 350 County Road, in the City of Jersey City, in the State of New Jersey").) Because "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), Defendants have adequately demonstrated Goya is a New Jersey citizen for diversity purposes. Next, to establish minimal diversity between the parties, Defendants assert "Mejias is not a citizen of New Jersey. Indeed, Plaintiffs do not allege any connection between Mejias and New Jersey.

8

Instead, they allege that he resides in Pennsylvania and previously contracted with [Goya] to deliver products in South Carolina." (ECF No. 1 ¶ 28; *see also* ECF No. 1-3 at 7 ("Mejias is an adult individual residing at 4408 North 6th Street, Philadelphia, [Pennsylvania] 10140.").) As Defendants point out in their opposition (ECF No. 27 at 2), however, "residency alone does not establish citizenship." *Witasick v. Hambrecht*, Civ. A. No. 12-3755, 2013 WL 1222680, at *2 (D.N.J. Mar. 25, 2013) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[W]here one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity." (internal citation omitted))); *see also Ellithy v. Healthcare Training Inst., Inc.*, Civ. A. No. 12-6209, 2013 WL 3480206, at *4 (D.N.J. June 21, 2013) ("[R]esidency is not the same as citizenship for purposes of diversity jurisdiction. A party's citizenship for purposes of subject matter jurisdiction is synonymous with domicile.") (citing *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006)).

Moreover, Defendants concede, "[b]ased on the allegations in the FAC, it is impossible to discern Mejias'[s] state of citizenship, only that it is likely he is not a citizen of New Jersey." (ECF No. 27 at 8 n.3.) The Court, accordingly, finds Defendants failed, at the time of removal, to meet their burden of establishing federal subject matter jurisdiction in this case. *Compare Canseven*, 2015 WL 5455869, at *2 ("Defendants' argument that there may be a member of the class who is not currently a New Jersey citizen is too speculative to create minimal diversity on its own."), *with Ellithy*, 2013 WL 3480206, at *3 (finding that defendants properly demonstrated minimal diversity by submitting a sworn declaration that their records indicated one class member was not a citizen of the same state as one defendant). However, despite Defendants' failure to demonstrate CAFA jurisdiction, the Court will allow the parties to engage in limited jurisdictional discovery on this issue. *See Canseven*, 2015 WL 5455869, at *3 ("Given that remand may be appropriate because of lack of minimal diversity or application of [CAFA] . . . exception[s], and that [d]efendants have

not met the burden of proving that federal subject matter jurisdiction lies in this case, it is appropriate to allow the parties to engage in jurisdictional discovery . . . ."). Such discovery should be limited to CAFA's minimal diversity requirement as it relates to the parties in the FAC, which was the operative complaint at the time of Defendants' removal. Following limited jurisdictional discovery, Defendants are to show cause as to whether the Court has subject matter jurisdiction over Plaintiffs' FAC pursuant to CAFA.

**IT IS THEREFORE**, on this 26th day of May 2021,

**ORDERED** that within forth-five (45) days of the entry of this Memorandum and Order to Show Cause, the parties are to conduct limited jurisdictional discovery to determine whether CAFA's minimal diversity jurisdictional requirement was satisfied under Plaintiffs' FAC; it is further

**ORDERED** that within twenty-one (21) days of the completion of jurisdictional discovery, Defendants are to show cause as to why this Court possesses subject matter jurisdiction over Plaintiffs' FAC pursuant to CAFA; it is further

**ORDERED** that Defendants' failure to show cause within twenty-one (21) days of the completion of jurisdictional discovery will result in remand to the Superior Court of New Jersey; it is finally

**ORDERED** that Plaintiffs' Motion to Remand (ECF No. 18) is administratively terminated pending jurisdictional discovery and adjudication of the Court's Order to Show Cause.

Date: May 26, 2021                                           */s/ Brian R. Martinotti*
                                                             **HON. BRIAN R. MARTINOTTI**
                                                             **UNITED STATES DISTRICT JUDGE**