**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANIBAL MEJIAS, *et al.*,

               Plaintiffs,

               v.

GOYA FOODS, INC., *et al.*,

               Defendants.

Case No. 2:20-cv-12365 (BRM) (LDW)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are two motions. The first motion is Plaintiffs Anibal Mejias ("Mejias"), Jerry Fuller ("Fuller"), Dennis Minter ("Minter"), and Jose Pena's ("Pena") (collectively, "Plaintiffs") Motion to Remand this matter to the Superior Court of New Jersey. (ECF No. 18.) Defendants Goya Foods, Inc. ("Goya"), Robert I. Unanue, Francisco R. Unanue, Joseph Perez, Peter Unanue, David Kinkela, Rebecca Rodriguez, Carlos G. Ortiz, Miguel A. Lugo, Jr., and Conrad Colon (together with Goya, "Defendants") opposed (ECF No. 27), Plaintiffs replied (ECF No. 29), and Defendants filed a sur-reply (ECF No. 32). The second motion is Goya's Motion for Reconsideration (ECF No. 44) of the Court's May 26, 2021 Memorandum and Order to Show Cause ("Memorandum and OTSC") (ECF No. 41). Plaintiffs opposed (ECF No. 46), and Goya replied (ECF No. 49). Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Plaintiffs' Motion to Remand is **DENIED**, and Goya's Motion for Reconsideration is **GRANTED**.

I.    BACKGROUND

The underlying facts of this matter, as well as a description of Plaintiffs' First Amended Complaint ("FAC") and Second Amended Complaint ("SAC"), are set forth at length in the Memorandum and OTSC. (*See* ECF No. 41 at 2–6.) In the interest of judicial economy, the Court refers the parties to that filing for a full recitation of the factual and procedural background of this dispute.

On September 4, 2020, Defendants removed this matter to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). (ECF No. 1.) On October 26, 2020, Plaintiffs moved to remand the matter to the Superior Court of New Jersey pursuant to several exceptions to CAFA. (ECF No. 18; *see also* ECF No. 18-1 at 14–18.) On May 26, 2021, the Court held that, at the time of removal, Defendants failed to meet their burden of establishing minimal diversity pursuant to CAFA and, accordingly, ordered limited jurisdictional discovery to resolve this issue. (ECF No. 41 at 9.) The Court also ordered Defendants, once jurisdictional discovery was complete, to show cause as to whether the Court has subject matter jurisdiction over Plaintiffs' FAC pursuant to CAFA. (*Id.* at 10.) Finally, the Court administratively terminated Plaintiffs' Motion to Remand pending jurisdictional discovery and adjudication of the Order to Show Cause. (*Id.* at 11.)

On June 9, 2021, Goya filed a Motion for Reconsideration of the Memorandum and OTSC. (ECF No. 44.) On June 15, 2021, the Court issued an order staying jurisdictional discovery pending adjudication of Goya's Motion for Reconsideration. (ECF No. 45.) On June 22, 2021, Plaintiffs filed opposition (ECF No. 46), and, on June 30, 2021, Goya replied (ECF No. 49).

II.   LEGAL STANDARD

A.   **Motion for Reconsideration**

"The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration." *Morton v. Fauver*, Civ. A. No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999)). "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under [Rule] 59(e), or as a motion for relief from judgment or order under [Rule] 60(b)." *Id.* In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Id.* (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Local Civil Rule 7.1(i) provides that a party seeking reconsideration must file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."

Reconsideration is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 506–07 (D.N.J. 2002). There are three grounds for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612–13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)). "The fact that an issue was not explicitly

mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 WL 2975532, at *3.

**B.     Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "CAFA confers on district courts 'original jurisdiction of any civil action' in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members ('numerosity requirement')." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6); *Standard Fire Ins. v. Knowles*, 133 S. Ct. 1345, 1347 (2013)). "With respect to the second requirement, CAFA provides that diversity is satisfied if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Gallagher v. Johnson & Johnson Consumer Cos.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (quoting 28 U.S.C. § 1332(d)(2)(A)).

"Although removal statutes must generally be strictly construed, with any doubt to be resolved in favor of remand, *see, e.g.*, *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009), the presumption against removal does not apply to class actions invoking jurisdiction under" CAFA. *Gallagher*, 169 F. Supp. 3d at 602. Accordingly, the removing party bears the initial burden of establishing federal subject matter jurisdiction under CAFA. *Id.* "However, once jurisdiction has been established, the burden shifts to the party seeking remand to show that an exception requiring remand . . . applies." *Id.* (citing *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 153 (3d Cir. 2009)); *see also Breur v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

4

III.   **DECISION**

   A.     **Motion for Reconsideration**

   Goya argues the Court made a clear error of law in its Memorandum and OTSC "in finding that Defendants failed to meet their burden to establish minimal diversity." (ECF No. 44-1 at 6.) Goya points to two declarations attached to Defendants' opposition to Plaintiffs' Motion to Remand which set forth the citizenship of two putative class members, Hector Montijo ("Montijo") and Ulysses Reyes ("Reyes"). (*Id.* at 7.) Both Montijo and Reyes declare, *inter alia*, they are citizens of New York, consider New York their home, and intend to remain in New York indefinitely. (Declaration of Montijo ¶¶ 3–5, ECF No. 27-2; Declaration of Rios ¶¶ 3–5, ECF No. 27-3.) Goya maintains "the Court made a clear error of law by not considering the citizenship" of Montijo and Reyes (ECF No. 44-1 at 7) and, accordingly, requests the Court reverse the Memorandum and OTSC "and hold that Defendants have demonstrated that this Court has subject matter jurisdiction over this case" (*id.* at 8).

   As stated in the Memorandum and OTSC, "[g]enerally, courts assess CAFA jurisdiction based on the pleadings at the time of removal." *Crista v. Drew Univ.*, Civ. A. No. 21-249, 2021 WL 1422935, at *11 (D.N.J. Apr. 14, 2021); *see also Castro v. Linden Bulk Transp. LLC*, Civ. A. No. 19-20442, 2020 WL 2573288, at *2 (D.N.J. Apr. 20, 2020) ("To determine whether CAFA's subject matter jurisdictional requirements are satisfied, courts consider the allegations in the complaint at the time of removal and defendant's notice of removal."). However, as Goya correctly notes (ECF No. 44-1 at 8), courts may "consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where . . . those facts merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice." *USX Corp. v. Adriatic Ins.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003); *see also Vaccaro v. Amazon.com.dedc, LLC*, Civ. A. No. 18-11852, 2019 WL 1149783, at *4 n.6 (D.N.J. Mar. 13, 2019) (providing the court

5

"may consider the Complaint, Notice of Removal, *and* the parties' submissions related to [p]laintiffs' motion to remand" when determining the amount in controversy under CAFA); *Faltaous v. Johnson & Johnson*, Civ. A. No. 07-1572, 2007 WL 3256833, at *6 (D.N.J. Nov. 5, 2007).

In the Memorandum and OTSC's minimal diversity analysis, the Court narrowed its focus on Defendants' inability to demonstrate the citizenship of Mejias. (*See* ECF No. 41 at 8–9.) Relying on the FAC and Notice of Removal, the Court held that, while Defendants had sufficiently established the New Jersey citizenship of Goya (*id.* at 8), they were unable to demonstrate anything beyond Mejias's residency (*id.* at 9 (further holding that "residency alone does not establish citizenship" (citations omitted))). The Court also noted Defendants' concession that, "'[b]ased on the allegations in the FAC, it is impossible to discern Mejias'[s] state of citizenship, only that it is likely he is not a citizen of New Jersey.'" (*Id.* (quoting ECF No. 27 at 8 n.3).) The Court did not consider the declarations of Montijo and Reyes, which were attached to Defendants' opposition to Plaintiffs' Motion to Remand. (ECF Nos. 27-2, 27-3.)

The Court now turns to the declarations of Montijo and Reyes. Both men declare they: (1) deliver products for Goya; (2) are citizens of New York; (3) own a house or apartment in New York; (4) have lived in New York for several decades;[1] (5) consider New York their permanent home; (6) are registered to vote in New York; (7) have a New York driver's license; and (8) pay taxes and maintain a bank account in New York. (ECF No. 27-2 ¶¶ 2–6; ECF No. 27-3 ¶¶ 2–6.) Defendants further assert Montijo and Reyes are putative class members in this case. (ECF No. 27 at 8; *see also* Declaration of Marie Reed ¶ 3, ECF No. 27-1 (providing that, "[i]n connection with the mediation in this lawsuit," Goya identified drivers who fell within "the definition of the

---

[1] Montijo declares he has lived in New York since 1979 (ECF No. 27-2 ¶ 5), while Rios declares he has lived in New York for fifty-three years (ECF No. 27-3 ¶ 5).

putative nationwide wage deduction class in" the FAC).) For their part, Plaintiffs do not contest Montijo and Rios's citizenship or class member status. (*See* ECF No. 29 at 11 n.5 ("Goya's inclusion of two declarations from putative class members stating that they are residents of New York are red herrings. Plaintiffs admitted and the data supports that a small percentage of the class did not live in New Jersey." (internal citations omitted)).)

"Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). To determine domicile and, therefore, citizenship, "a court considers several factors, including 'declarations, exercise of political rights, payment of personal taxes, houses of residence, and place of business.'" *Id.* (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972)). "Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *Id.* (citation omitted). Based upon the declarations of Montijo and Rios, the Court finds Defendants have adequately demonstrated the two individuals' New York citizenship. Having previously determined Defendants adequately demonstrated the New Jersey citizenship of Goya (*see* ECF No. 41 at 8), the Court now finds Defendants have established minimal diversity pursuant to CAFA. *See Gallagher*, 169 F. Supp. 3d at 602 ("With respect to the . . . 'minimal diversity' requirement, CAFA provides that diversity is satisfied if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" (quoting 28 U.S.C. § 1332(d)(2)(A))). Moreover, having previously held Defendants had satisfied CAFA's class member numerosity and amount in controversy requirements (*see* ECF No. 41 at 8), the Court now finds Defendants have established subject matter jurisdiction in this matter pursuant to CAFA.

Accordingly, Goya's Motion for Reconsideration is **GRANTED**, and the Memorandum and OTSC, and, in particular, its directive for the parties to conduct limited jurisdictional discovery, is hereby **VACATED**.

### B.   Motion to Remand

Having determined Defendants have adequately demonstrated CAFA subject matter jurisdiction, the Court will now consider whether an exception to CAFA applies to this matter and warrants remand. Plaintiffs argue two CAFA exceptions warrant remand: the "home state exception," 28 U.S.C. § 1332(d)(4)(B) and the "local controversy exception," 28 U.S.C. § 1332(d)(4)(A). (ECF No. 18-1 at 6.) "Under [the home state exception], the district court must decline to exercise jurisdiction where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Gallagher*, 169 F. Supp. 3d at 602 (quoting 28 U.S.C. § 1332(d)(2)(4)(B)). On the other hand, under the local controversy exception, "a federal court must decline jurisdiction if certain conditions are met, including that a super-majority of the members of the putative class and at least one significant defendant are from the state in which the class action was originally filed." *Kaufman*, 561 F.3d at 148 (citing 28 U.S.C. § 1332(d)(4)(A)). The burden to demonstrate these exceptions apply rests with Plaintiffs. *Gallagher*, 169 F. Supp. 3d at 602.

In support of remand under the home state exception, Plaintiffs assert "[a]t least two-thirds . . . of the proposed Class in the SAC both lived and worked in New Jersey, where the action [was] originally filed." (ECF No. 18-1 at 15.) Furthermore, Plaintiffs argue Goya, a New Jersey citizen, is the primary Defendant in this matter and, "[i]n fact, pursuant to Plaintiffs' proposed SAC, . . . is the *only* Defendant in this case." (*Id.* at 15–16.) In support of remand under the local controversy exception, Plaintiffs note (1) "the putative class is primarily comprised of New Jersey citizens," where the action was filed; (2) Goya is a New Jersey citizen; (3) "the principal injuries resulting

from the alleged conduct of the Defendants were incurred in New Jersey"; and (4) no other similar class action has been filed within the three years preceding this action. (*Id.* at 17–18.) Plaintiffs, accordingly, maintain remand is required under both CAFA exceptions. (*Id.* at 16, 18.)

In opposition, Defendants argue "Plaintiffs rely on the wrong complaint. The law is clear: whether remand is proper must be ascertained on the basis of the pleadings at the time of removal. Thus, the Court should base its determination on the FAC, not the []SAC." (ECF No. 27 at 2.) Defendants contend "Plaintiffs have not even attempted to meet their burden under the FAC with regard to application of the . . . exceptions[,]" and even if they had, "under the nationwide wage deduction class in the FAC, Plaintiffs cannot meet the citizenship requirement for either exception." (*Id.* at 17.) Therefore, as a threshold inquiry, the Court must determine whether the application of CAFA exceptions must be analyzed through the lens of the FAC, the operative complaint filed at the time of removal (*see* ECF No. 1-3 at 2–32),[2] or the SAC, the current operative complaint filed after removal (*see* ECF No. 34).[3]

Plaintiffs maintain the Court may review the SAC when determining whether the CAFA exceptions warrant remand. (ECF No. 29 at 4.) In support of this argument, Plaintiffs cite to *Castro v. Linden Bulk Transportation LLC*, Civ. A. No. 19-20442, 2020 WL 2573288 (D.N.J. Apr. 20, 2020), *report and recommendation adopted by* 2020 WL 2571680 (D.N.J. May 20, 2020). (ECF No. 29 at 4–5.) In *Castro*, the plaintiff filed a post-removal amended complaint, the "primary revision" of which "was the removal of all defendants but" one. 2020 WL 2573288, at *1. The

---

[2] Mejias filed a motion to amend their original Complaint on April 8, 2020. (ECF No. 1-2 at 40–41.) The Superior Court granted the motion on May 8, 2020. (ECF No. 1-3 at 2–3.)

[3] In connection with Plaintiffs' current Motion to Remand, Plaintiffs also filed a Motion to Amend the FAC. (ECF No. 18; *see also* ECF No. 18-1 at 6–12.) Defendants did not oppose Plaintiffs' Motion to Amend. (ECF No. 28 at 2.) On December 4, 2020, the Court granted Plaintiffs' Motion to Amend. (ECF No. 33.) On December 7, 2020, Plaintiffs filed the SAC. (ECF No. 34.)

plaintiff also filed a motion to remand, arguing CAFA's home state exception applied. *Id.* at *3. The court agreed, finding "that under controlling Third Circuit precedent, it is the defendants who *remain* in the action at the time of the remand determination that govern whether CAFA's exceptions apply." *Id.* (citing *Kaufman*, 561 F.3d at 152–53). The defendants argued a defendant who was included in the original complaint but excluded from the amended complaint was the primary defendant for the purposes of the home state exception. *Id.* Because this defendant was an "out-of-state defendant," the defendants argued the exception could not be met. *Id.* "Applying *Kaufman*'s controlling rationale," the court rejected the defendants' argument and held that, because the sole remaining defendant in the post-removal amended complaint was a New Jersey citizen, the home state exception applied. *Id.* Here, Plaintiffs assert "[t]he same outcome should be applied" (ECF No. 29 at 5), and the "SAC should likewise be reviewed when determining if remand is appropriate" (*id.* at 6).

Conversely, Defendants cite to *Hall v. Welch Foods, Inc.*, Civ. A. No. 17-3997, 2017 WL 4422418 (D.N.J. Oct. 5, 2017), for the proposition that remand should be determined under the FAC rather than the SAC. (ECF No. 27 at 12–14.) In *Hall*, the plaintiff filed a post-removal amended complaint that "altered the definition of the putative class from 'all persons in New Jersey who purchased [d]efendants' Products during the class period' to 'all citizens of New Jersey who purchased [d]efendants' Products in New Jersey during the Class Period.'" 2017 WL 4422418, at *2 (citations omitted). The plaintiff subsequently filed a motion to remand to New Jersey state court. *Id.* The plaintiff "argue[d] the class members' citizenship should be based on her [a]mended [c]omplaint, filed post-removal, which altered the makeup of the class from 'persons in New Jersey' to 'citizens of New Jersey.'" *Id.* (citation omitted). The *Hall* defendants, on the other hand, argued "a complaint amended after removal which changed the nature or scope of the class should have no bearing on the jurisdictional question . . . [and that] the operative complaint at the time of

10

removal . . . govern[s]." *Id.* at \*4 (citations omitted). The court held "[p]laintiff's argument depend[ed] on a broad reading of the Third Circuit's decision in *Kaufman*," which "[did] not speak directly to the issue before the [c]ourt: whether a district court may consider a complaint amended post-removal which alters the definition or makeup of the class itself." *Id.* The court, accordingly, did not consider the amended complaint's proposed class definition and, instead, held the definitions set out in the "operative complaint at the time of removal . . . govern[ed] the applicability of the home state exception." *Id.*

Here, through the FAC, Plaintiffs sought to represent two separate nationwide classes of Goya workers. The first class included

> [a]ll truck drivers of Defendants who were designated as independent contractors or owner operators and from whom Defendants unlawfully withheld wages from by deducting costs and fees associate[d] with drivers' leasing vehicles, for fuel and maintenance costs, insurance, trailer rentals and other equipment, administrative fees, returned and damage[d] products, and other deductions not allowed by governing law between July 18, 2013 and the present ([the] "Nationwide Wage Deduction Class").

(ECF No. 1-3 at 10.) The second class included "[a]ll truck drivers of Defendants who were designated as independent contractors or owner operators who were not paid overtime compensation when they worked more than forty (40) hours per week between July 18, 2017 and the present" (the "Nationwide Overtime Class"). (*Id.*) Plaintiffs alternatively sought to represent several state-specific classes, including (1) the "New Jersey Wage Deduction Class"; (2) the "New Jersey Overtime Class"; (3) the "Pennsylvania Wage Deduction Class"; (4) the "Maryland Wage Deduction Class"; and (5) the "South Carolina Wage Deduction Class." (*Id.* at 10–12.) Furthermore, the FAC set forth allegations against all Defendants. (*See id.* at 1.) The SAC, on the other hand, only sets forth allegations against Goya. (*See* ECF No. 34 at 1.) Moreover, through the SAC, Plaintiffs no longer seek to represent the Nationwide Wage Deduction Class or the

11

Nationwide Overtime Class, or, alternatively, the Pennsylvania Wage Deduction Class, the Maryland Wage Deduction Class, or the South Carolina Wage Deduction Class. (*See id.* ¶¶ 14–28.) Rather, Plaintiffs only seek to represent the New Jersey Wage Deduction Class and the New Jersey Overtime Class. (*Id.* ¶¶ 14–15.) The New Jersey Wage Deduction class includes

> [a]ll truck drivers who performed work for Goya in the State of New Jersey and who were designated as independent contractors or owner operators and from whom Goya withheld wages by deducting money associated with truck and equipment rental, truck repairs and maintenance, permits and licenses, fuel, mileage taxes, fees, tolls, insurance, health insurance, returned or damaged products, and/or other deductions set forth in Goya's records, between July 18, 2013 and the present . . . .

(*Id.* ¶ 14.) The New Jersey Overtime Class, on the other hand, includes "[a]ll truck drivers who performed work for Goya in the State of New Jersey and who were designated as independent contractors or owner operators, and who were not paid overtime compensation when they worked over forty . . . hours in a workweek, at any time between July 18, 2017 and the present." (*Id.* ¶ 15.) The post-removal SAC, therefore, involves both a change in named defendants, as seen in *Castro*, 2020 WL 2573288, at *1, and a change in the scope of the putative classes, as seen in *Hall*, 2017 WL 4422418, at *2.

Had the SAC's sole deviation from the FAC been the exclusion of all Defendants except Goya, the Court would follow the *Castro* and *Kaufman* courts and analyze the CAFA exceptions through the lens of the SAC. *See Kaufman*, 561 F.3d at 153 (vacating remand because the district court identified a removed defendant as the local defendant and holding that "[a]pplication of the local controversy exception must focus on [d]efendants which remain in the action"); *Castro*, 2020 WL 2573288, at *3. The SAC, however, also changes the makeup of the putative classes from two nationwide classes and, alternatively, Pennsylvania, Maryland, New Jersey, and South Carolina state-wide classes (ECF No. 1-3 at 10–12), to two New Jersey state-wide classes (ECF No. 34

¶¶ 14–15.) The Court, therefore, follows the *Hall* court's decision and holds the FAC, the operative complaint at the time of removal, governs the applicability of the CAFA exceptions at issue. *See Hall*, 2017 WL 4422418, at *4 (distinguishing post-removal amended complaint which removed named defendants from one which "alter[ed] the definition or makeup of the class itself" and holding the operative complaint at the time of removal determined the applicability of CAFA's home state exception); *see also Kaufman*, 561 F.3d at 152 ("It is true that under a long-standing rule, federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed."); *id.* (further noting that an exception to this rule includes "cases where the parties change"). However, as Defendants correctly assert (ECF No. 27 at 17), Plaintiffs' moving papers fail to address the application of either CAFA exception under the FAC (*see generally* ECF No. 18; ECF No. 29). Rather, Plaintiffs only address the SAC when arguing remand is appropriate. (*Id.*) Because Plaintiffs maintain the burden of demonstrating a CAFA exception applies, *Kaufman*, 561 F.3d at 153 (collecting cases), and because they fail to address the complaint necessary to determine whether an exception applies, the Court finds remand is unwarranted. Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Goya's Motion for Reconsideration (ECF No. 44) is **GRANTED**, and Plaintiff's Motion to Remand (ECF No. 18) is **DENIED**. An appropriate order follows.

Date: August 30, 2021                                      */s/ Brian R. Martinotti*

**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**