IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANIBAL MEJIAS, DENNIS MINTER, JERRY FULLER, and JOSE PENA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br> vs.<br><br>GOYA FOODS, INC.,<br><br>Defendant. | Civil Action: 3:20-cv-12365-BRM-TJB |

## JOINT DISCOVERY PLAN

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26.1, and the Court's Orders dated September 9, 2021 (Dkt. No. 53) and September 16 2021 (Dkt. No. 57), Plaintiffs Anibal Mejias, Dennis Minter, Jerry Fuller, and Jose Pena ("Plaintiffs") and Defendant Goya Foods, Inc. ("Defendant" or "Goya") respectfully submit this Joint Proposed Discovery Plan.

1.   Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**This is a class action case brought by Plaintiffs on behalf of themselves and other allegedly similarly situated delivery truck drivers (hereinafter, "Drivers") who drove for Goya in New Jersey, and who allege they were improperly classified as independent contractors by Goya and consequently were subjected to illegal deductions from their pay and illegally withheld overtime compensation in violation of the New Jersey Wage Payment Law**

("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*[1]

The action was originally filed in the Superior Court of New Jersey, Law Division, Mercer County, and was removed to this Court on September 4, 2020. The operative complaint, Plaintiffs' Second Amended Class Action Complaint ("SAC", Dkt. No. 34), was filed on December 7, 2020. Currently pending before the Court is Defendant's Partial Motion to Dismiss the Second Amended Complaint ("Partial MTD", Dkt. No. 52). Defendant's Partial MTD seeks to dismiss Plaintiffs' deduction claims under the NJWPL and SCPWA, but does not seek to dismiss Plaintiffs' overtime claims, except as to Plaintiff Mejias.

2. Have settlement discussions taken place?

Yes. The Parties participated in a full-day Zoom mediation session on August 18, 2020 before experienced mediator Hunter Hughes, Esq. The mediation was unsuccessful. The details of the negotiations are privileged. The parties have not engaged in mediation attempts since the action was removed to this Court and the SAC was filed.

3. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **November 12, 2021**.

4. Describe any discovery conducted other than the above disclosures.

While the action was pending in the Superior Court of New Jersey, the parties exchanged initial discovery requests. Discovery was then stayed pending the parties' mediation efforts. The parties will serve discovery requests on or before **November 15, 2021.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

---

[1] Plaintiff Mejias also brings alternate claims under the South Carolina Payment of Wages Act, S.C. Code. § 41-10-10, *et seq*. ("SCPWA") in his individual capacity should the Court determine that New Jersey law does not apply to Plaintiff Mejias' claims.

**Plaintiffs intend to file a motion to certify the proposed New Jersey Classes pursuant to Fed. R. Civ. P. 23 following the close of fact discovery.**

6. The parties propose the following:

   (a) Discovery is needed on the following subjects: **1) the allegations in the SAC; 2) Plaintiffs' claims; 3) Defendant's defenses; 4) Plaintiffs' damages; and 5) issues pertaining to class certification.**

   (b) Should discovery be conducted in phases? **Yes.**

   (c) Number of Interrogatories by each party to each other party: **Plaintiffs may collectively serve up to 25 interrogatories and up to 25 requests for production of documents on Defendant. Defendant may serve up to 25 interrogatories and up to 25 requests for production of documents on each Plaintiff.**

   (d) Number of Depositions to be taken by each party: **A maximum of 10 depositions may be taken by each side, unless leave of Court is sought and received.**

   (e) Motions to Amend or to Add Parties to be filed by **November 15, 2021**.

   (f) Initial Factual Discovery Deadline. **All discovery other than class damages shall be completed by June 15, 2022. Defendant agrees that it will not oppose class certification based on any individualized, absent class member data withheld during the first phase of discovery. If and when this case is certified as a class action, the Parties agree to meet and confer regarding the second phase of discovery on class damages issues and provide a proposed Amended Joint Pretrial Scheduling Order to the Court regarding the same, including the parameters of any additional discovery that may be needed, deadlines for such discovery, and proposed dates for all subsequent briefing and other deadlines. The Parties agree to submit this proposed Amended Joint Pretrial Scheduling Order within fifteen (15) days of the date the Court issues an order granting class certification.**

    (g)    Plaintiffs' motion for class certification to be filed by **July 29, 2022**.

    (h)    Dispositive motions **to be filed TBD.**

    (i)    **The parties do not anticipate the need for expert testimony at this time.  If this case is certified as a class action, the parties will set forth their proposal for deadlines for expert reports and expert depositions in a proposed joint amended scheduling order.**

    (j)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: **The parties will submit a proposed stipulated confidentiality order that will govern the handling of confidential information.**

    (k)    A pretrial conference may take place on **TBD.**

    (l)    Plaintiffs request a **trial by jury**.

    (m)    Trial date: **TBD**.

7.    Do you anticipate any discovery problem(s)? **Not at this time.**

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **None at this time, subject to any Covid-19 related travel restrictions or limitations that may necessitate virtual depositions and/or hearings.**

9.    State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.). **The parties are not opposed to mediation at an appropriate time, but do not believe this case is appropriate for voluntary arbitration.**

10. Is this case appropriate for bifurcation? **No.**

11. We **do not** consent to the trial being conducted by a Magistrate Judge.

Dated: October 25, 2021

Respectfully submitted,

/s Alexandra K. Piazza
Shanon J. Carson (*pro hac vice*)
Alexandra K. Piazza (NJ 010922013)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
scarson@bm.net
apiazza@bm.net

David Cassidy (NJ 024061996)
Yelena Kofman-Delgado (NJ 004472012)
VLASAC SHMARUK
485B Route 1 South, Suite 120
Iselin, NJ 08830
Tel: (732) 494-3600
dcassidy@vslaws.com
ykofman@vslaws.com

*Attorneys for Plaintiff*

/s Ryan T. Warden
Ryan T. Warden
Kevin P. Hishta (*pro hac vice*)
Margaret Santen Hanrahan (*pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel: (973) 656-1600
Fax: (973) 656-1611
ryan.warden@ogletree.com
kevin.hishta@ogletree.com
margaret.hanrahan@ogletree.com

*Attorneys for Defendant*