**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

ANIBAL MEJIAS, *et al.*,

        Plaintiffs,

v.

GOYA FOODS, INC.,

        Defendant.

Case No. 2:20-cv-12365 (BRM) (LDW)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is Defendant Goya Foods, Inc.'s ("Goya") Partial Motion to Dismiss Plaintiffs Anibal Mejias ("Mejias"), Jerry Fuller ("Fuller"), Dennis Minter ("Minter"), and Jose Pena's ("Pena") (collectively, "Plaintiffs") Second Amended Complaint. (ECF No. 52.) Plaintiffs opposed the motion (ECF No. 58), Goya filed a reply (ECF No. 59), and Plaintiffs filed a sur-reply (ECF No. 60). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Goya's Partial Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**[1]

    Plaintiffs bring this putative class action against Goya. (Am. Compl. (ECF No. 34) ¶ 1.) Goya is a New Jersey-based company manufacturing food products. (*Id.* ¶ 10.) Plaintiffs worked

---

[1] The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted by the Court in its Opinion denying Plaintiffs' motion to remand and granting Goya's motion for reconsideration. (ECF No. 50.) Therefore, the Court includes only the facts and procedural background relevant to this Motion.

for Goya as truck drivers for various periods between 2010 and 2019. (*Id*. ¶¶ 4–7.) The four Plaintiffs were named as class representatives who formerly contracted with Goya to deliver food products in various states. (*Id.* ¶¶ 4–7, 43.) Plaintiffs allege that they "signed a form agreement with Goya labeled Independent Contractor's Service Agreement" (the "Agreement"). (*Id.* ¶ 4.)

Mejias worked in North Carolina and South Carolina, Minter worked in New Jersey, Fuller worked in New Jersey, Pennsylvania, Maryland, and Delaware, and Pena worked in New Jersey, Maryland, and Delaware. (*Id.*)

On December 7, 2020, Plaintiffs filed their Second Amended Complaint against Goya. (*See generally, id.*) The Second Amended Complaint alleges Goya unlawfully designated Plaintiffs and other truck drivers as independent contractors and withheld compensation. (*Id.* ¶ 2.) Plaintiffs allege two putative classes under New Jersey state law: (1) a New Jersey Wage Deduction Class; and (2) a New Jersey Overtime Class. (*Id.* ¶¶ 14–15.) The New Jersey Wage Deduction class is defined as:

> All truck drivers who performed work for Goya in the State of New Jersey and who were designated as independent contractors or owner operators and from whom Goya withheld wages by deducting money associated with truck and equipment rental, truck repairs and maintenance, permits and licenses, fuel, mileage taxes, fees, tolls, insurance, health insurance, returned or damaged products, and/or other deductions set forth in Goya's records, between July 18, 2013 and the present (the "New Jersey Wage Deduction Class").

(*Id.* ¶ 14.) The New Jersey Overtime Class is defined as:

> All truck drivers who performed work for Goya in the State of New Jersey and who were designated as independent contractors or owner operators, and who were not paid overtime compensation when they worked over forty (40) hours in a workweek, at any time between July 18, 2017 and the present (the "New Jersey Overtime Class").

(*Id.* ¶ 15.) Minter, Fuller, and Pena serve as class representatives for both putative classes. (*Id.* ¶¶ 14–15.)

The Second Amended Complaint alleges (1) violation of the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. § 34:11-4.1, *et seq.*, for making improper deductions from Plaintiffs' wages (on behalf of Minter, Fuller, Pena, and the New Jersey Wage Deduction Class) under Count One (*id.* ¶¶ 72–79); (2) violation of the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56, *et seq.*, for failure to pay Plaintiffs overtime (on behalf of Minter, Fuller, Pena, and the New Jersey Overtime Class) under Count Two (*id.* ¶¶ 80–89); violations of the NJWPL on behalf of Mejias individually (Count Three); (4) violations of the NJWHL on behalf of Mejias individually (Count Four); and, alternatively, (5) violations of the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10, *et seq.*, for making improper deductions from his wages on behalf of Mejias individually (Count Five) (*id.* ¶¶ 72–119).

On September 7, 2021, Goya filed a Partial Motion to Dismiss, seeking to dismiss Count One, Count Three, Count Four, and Count Five. (ECF No. 52.) On September 4, 2021, Plaintiffs filed their opposition. (ECF No. 58.) On September 12, 2021, Goya filed its reply. (ECF No. 59.) On September 13, 2021, Plaintiffs requested leave to file a sur-reply. (ECF No. 59.) The Court granted Plaintiffs' request. (ECF No. 61.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may

consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

### III. DECISION

#### A. Whether TIL regulations preempt NJWPL and SCPWA

Goya argues Plaintiffs' wage deduction claims arising under NJWPL (Count One) and SCPWA (Count Five) should be dismissed because the federal Truth in Leasing ("TIL") regulations permit the wage deductions at issue in the Second Amended Complaint (ECF No. 52-1 at 10), and to the extent the state statutes are found to prohibit the deductions at issue, TIL regulations preempt NJWPL and SCPWA (*id*. at 12, 14).

Plaintiffs counter the TIL regulations do not apply to them because they could be considered "agents" of Goya and the TIL regulations do not apply to agents. (ECF No. 58 at 4.) Plaintiffs argue determining whether they are agents is a factual determination that is inappropriate at the motion to dismiss stage. (*Id*. at 7.) Plaintiffs also contend, to the extent the TIL regulations may be deemed to apply to them, these regulations do not preempt state law. To that end, Plaintiffs argue: (1) the TIL regulations speak only to disclosure requirements, not substantive rights; (2) Goya cannot overcome the presumption against preemption; and (3) the deductions taken by Goya are prohibited under state law. (*Id*.)

As a preliminary matter, Goya's preemption argument is an affirmative defense. *Hawkins v. Leslie's Pool Mart, Inc.*, 184 F.3d 244, 256 (3d Cir. 1999) (recognizing the law is well-established that preemption is an affirmative defense). Therefore, Goya bears a heavy burden to

dismiss Plaintiffs' claim based on their preemption theory. *See Smith v. Pro Custom Solar LLC*, Civ. A. No. 19-20673, 2021 WL 141336, at *4 (D.N.J. Jan. 15, 2021) ("As to an affirmative defense, dismissal on a Rule 12(b)(6) motion is generally inappropriate unless the plaintiff unequivocally pleads itself out of court.") The Court finds Goya failed to meet its burden to prove TIL regulations preempt state law.

First, courts do not ordinarily consider affirmative defenses on a motion to dismiss unless they appear on the face of the complaint. *Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013) (explaining that if an affirmative defense appears on the face of the complaint, courts can dismiss the complaint under Rule 12(b)(6)). To advance Goya's preemption argument, Goya bears the burden of proof, and Plaintiffs need not anticipate affirmative defenses in the pleadings. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (concluding there was no basis to impose a burden on the plaintiff to anticipate an affirmative defense). The Third Circuit has instructed when the affirmative defense "is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). According to Goya, TIL regulations apply to leases, and the Agreement "qualifies as a lease." (ECF No. 52-1 at 2.) But Plaintiffs never pleaded the Agreement is a lease. (ECF No. 34.) Nor do Plaintiffs assert any claims against Goya arising under the TIL regulations. (*Id.*) Therefore, the Court rejects Goya's assertion that the Agreement they entered into is a lease. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (considering a motion to dismiss brought under Rule 12(b)(6) accepts all facts and allegations listed in the complaint as true and draws all reasonable factual inferences in the light most favorable to the plaintiff). Accordingly, the Court finds Goya

failed to show Plaintiffs' claims are definitively governed by the TIL regulations[2], and, therefore, failed to establish its affirmative defense of preemption is apparent on the face of Plaintiffs' complaint.

Second, Goya failed to meet its heavy burden to establish the TIL regulations preempts NJWPL and SCPWA under its conflict preemption theory (ECF No. 52-1 at 9). *See Glynn v. Merck Sharp & Dohme Corp*, 951 F. Supp. 2d 695, 702 (D.N.J. 2013) (holding conflict preemption is a demanding defense) (citing *Wyeth v. Levine*, 555 U.S. 555, 573 (2009)). The Second Amended Complaint alleges Plaintiffs are *employees* of Goya. (ECF No. 58 at 6.) However, in support of its preemption argument, Goya refers to authority from other circuits addressing the application of the TIL regulations to *independent contractors*. (ECF No. 52-1 at 12, 13.) During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Because Goya failed to show Plaintiffs as *employees* have no recourse under NJWPL and SCPWA because of the TIL regulations, the Court finds Goya failed to show no claim has been stated. *See Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (holding the party moving to dismiss under Rule 12(b)(6) bears the burden of proof to show that no claim has been stated) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Third, in essence, Goya is asking the Court to conclude the TIL regulations control Plaintiffs' claim, not NJWPL and SCPWA. The Court finds Goya's position inconsistent with federal policy. The sole regulation provision Goya points to that supposedly preempts NJWPL and SCPWA is 49 C.F.R. § 376.12. (ECF No. 52-1 at 17, 20, 21, 22.) However, 49 C.F.R.

---

[2] Based on Plaintiff's contention that application of the TIL regulations first requires a finding of fact (ECF No. 58 at 7), the Court also finds dismissal at this early stage of litigation improper.

§ 376.12(c)(4) acknowledges the TIL regulations are not intended to "affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee." One district court interpreted this provision as "at the very least, the TIL Regulations were not meant to preempt the protections afforded to employees, e.g., the minimum wage." *Goyal v. CSX Intermodal Terminals, Inc.*, Civ. A. No. 17-06081, 2018 WL 4649829, at *3 (N.D. Cal. Sep. 25, 2018). Because Plaintiffs' case is in the area of labor standards, the Court finds *Goyal*'s interpretation persuasive and is consistent with the federal policy of strong presumption against preemption in the area of laws of labor standards. *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 21 (1987) ("[P]re-emption should not be lightly inferred in this area, since the establishment of labor standards falls within the traditional police power of the State.").

For these reasons, Goya's motion to dismiss Count One and Count Five is **DENIED**.

### B. Whether the NJWPL and NJWHL regulate conduct outside the state

Goya argues Count Three and Count Four must be dismissed because Mejias cannot assert a claim under NJWPL and NJWHL as he did not work in New Jersey. (ECF No. 52-1 at 18.) Plaintiffs respond the Court may apply New Jersey law to Mejias' claims because Mejias is seeking to "regulate conduct within the State of New Jersey," and the purported wrongdoings were committed by "a New Jersey Company, within New Jersey, from its headquarters in the State." (ECF No. 58 at 17.)

"New Jersey law does not regulate conduct outside the state." *D'Agostino v. Johnson & Johnson, Inc.*, 628 A.2d 305, 318 (N.J. 1993). The Court finds the NJWPL and NJWHL do not apply to employees based outside of New Jersey. *See Overton v. Sanofi–Aventis U.S., LLC*, Civ. A. No. 13-5535, 2014 WL 5410653, at *5–6 (D.N.J. Oct. 23, 2014) (finding the NJWPL does not apply to out-of-state employees); *see also Munenzon v. Peters Advisors LLC*, Civ. A. No. 20-

14644, 2021 WL 3561348, at *1 (D.N.J. Aug. 11, 2021) (finding "fairly uniform in suggesting or holding" that the NJWHL does not apply to out-of-state workers).

Here, Plaintiffs do not allege Mejias ever worked in New Jersey. Therefore, Plaintiffs failed to state an NJWPL or NJWHL claim. For these reasons, Goya's motion to dismiss Count Three and Count Four is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, Goya's Partial Motion to Dismiss (ECF No. 52) is **GRANTED IN PART** and **DENIED IN PART**. Goya's Motion to Dismiss Count One (violations of NJWPL) and Count Five (violations of SCPWA) is **DENIED**. Goya's Motion to Dismiss Count Three (violations of NJWPL on behalf of Mejias) and Count Four (violations of NJWHL on behalf of Mejias) is **GRANTED**, and Count Three and Count Four of the Second Amended Complaint (ECF No. 34) are **DISMISSED WITHOUT PREJUDICE**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  February 18, 2022