**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANIBAL MEJIAS, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GOYA FOODS, INC.,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-12365 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

　　Before the Court is Defendant Goya Foods, Inc.'s ("Goya") Motion for Approval of Proposed Pre-Certification Communications to Putative Class Members (ECF No. 71.) Plaintiffs Anibal Mejias ("Mejias"), Jerry Fuller ("Fuller"), Dennis Minter ("Minter"), and Jose Pena ("Pena") (collectively, "Plaintiffs") oppose the Motion. (ECF No. 77.) Goya filed a reply. (ECF No. 78.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Goya's Motion for Approval is **GRANTED** and Plaintiffs' request to compel discovery and to approve Plaintiffs' pre-certification notice is **DENIED**.

I. **BACKGROUND**[1]

Plaintiffs bring this Putative Class action against Goya. (Am. Compl. (ECF No. 34) ¶ 1.) Goya is a New Jersey-based company manufacturing food products. (*Id.* ¶ 10.) Plaintiffs worked for Goya as truck drivers for various periods between 2010 and 2019. (*Id*. ¶¶ 4–7.) The four Plaintiffs were named as class representatives who formerly contracted with Goya to deliver food products in various states. (*Id.* ¶¶ 4–7, 43.) Plaintiffs allege they "signed a form agreement with [GFI] labeled Independent Contractor's Service Agreement." (*Id.* ¶ 4.)

On December 7, 2020, Plaintiffs filed their Second Amended Complaint against Goya. (*See generally, id.*) The Second Amended Complaint alleges Goya unlawfully designated Plaintiffs and other truck drivers as independent contractors and withheld compensation. (*Id.* ¶ 2.) Plaintiffs allege two Putative Classes under New Jersey state law: (1) a New Jersey Wage Deduction Class; and (2) a New Jersey Overtime Class. (*Id.* ¶¶ 14–15.) Minter, Fuller, and Pena serve as class representatives for both Putative Classes. (*Id.*)

The Second Amended Complaint alleges: (1) violation of the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. § 34:11-4.1, *et seq.*, for making improper deductions from Plaintiffs' wages (on behalf of Minter, Fuller, Pena, and the New Jersey Wage Deduction Class) under Count One (*id.* ¶¶ 72–79); (2) violation of the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56, *et seq.*, for failure to pay Plaintiffs overtime (on behalf of Minter, Fuller, Pena, and the New Jersey Overtime Class) under Count Two (*id.* ¶¶ 80–89); and (3) violations of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.*, on

---

[1] The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted by the Court in its Opinion concerning Goya's Motion to Dismiss (ECF No. 69.) Therefore, the Court includes only the facts and procedural background relevant to this Motion.

behalf of Mejias individually for making improper deductions from his wages (Count Five) (*id*. ¶¶ 72–119).[2]

On March 11, 2022, Goya filed a Motion for Approval, seeking to communicate with Putative Class members.[3] (ECF No. 71.) Goya proposes to notify certain Putative Class Members of a proposed amendment to the agreement that offers a monetary incentive and includes an arbitration agreement and class action waiver (the "Proposed Amendment") along with a written explanation of the Proposed Amendment (the "Written Explanation") (collectively "Proposed Communication"). (ECF No. 71-1 at 1, 4–9.) On April 4, 2022, Plaintiffs filed their opposition, requesting the Court deny Goya's motion, or, in the alternative, compel Goya to produce the Putative Class Members' contact information and approve a notice that Plaintiffs' counsels are available to provide legal advice regarding the Proposed Amendment and to represent the class members if they decide to enter individual arbitration. (ECF No. 77 at 5–7, 23–25.) On April 13, 2022, Goya filed its reply.[4] (ECF No. 78.)

## II.  DECISION

Generally, parties are permitted to engage in pre-certification communications with potential class members. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102–04 (1981) (holding district court exceeded its authority by entering an order, in the absence of factual findings or legal analysis, prohibiting parties and their counsel from communicating with potential class members

---

[2] The Court previously dismissed Count Three (violations of the NJWPL on behalf of Mejias individually) and Count Four (violations of the NJWHL on behalf of Mejias individually). (ECF No. 69.)

[3] On March 18, 2022, Goya filed its answer. (ECF No. 75.)

[4] On April 20, 2022, Goya also attached an affidavit in support of its reply. (ECF No. 79.) Goya reveals it intends to roll out its arbitration agreement and class action waiver to all drivers across the country. (*Id.* at 2.)

without court approval); *see also In re Nat'l Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 582 n.16 (3d Cir. 2014) (discussing *Gulf Oil Co.*); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 310 (3d Cir. 2005) (same). Consequently, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co.*, 452 U.S. at 101. Under Rule 23(d), a district court has a duty to "safeguard class members from unauthorized [and] misleading communications from the parties and their counsel." *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 541 F. App'x 181, 186 (3d Cir. 2013)

Goya is essentially attempting to arbitrate individual claims by way of contracting with Putative Class Members via the Proposed Amendment. (*See generally* ECF No. 71-1.) The Supreme Court routinely upholds a "national policy favoring arbitration," *Buckeye Check Cashing v. Cardegna*, 546 U.S. 440, 443 (2006), and "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Here, in its Written Explanation, Goya invites Putative Class Members to arbitrate by claiming arbitration procedures will "provide a faster and less expensive way to resolve any claims or disputes between" parties (ECF No. 71-2 at 14), but underscores a Putative Class Member is "not required to waive [his or her] right to bring disputes in court or participate in the pending Mejias action" and "there will be no retaliation against [the class member] in any way" (*id.* at 12). Goya's notice also advises

Putative Class Members to "consult with a financial adviser or legal advisor/attorney[5] before determining whether to sign." (*Id.* at 14.) The Court finds Goya's Proposed Communication does not undermine "the integrity of the litigation" because the arbitration does not alter remedies available to Plaintiffs, and Plaintiffs are free to decline Goya's invitation. *See Bayshore Ford Truck Sales*, 541 F. App'x at 186.

Plaintiffs object to Goya's Proposed Communication because Plaintiffs argue Putative Class Members are vulnerable and need protection from waiving their right to proceed as a class via the Proposed Amendment. (ECF No. 77 at 15–22.) Nonetheless, the right to proceed as a class is procedural and may be waived by agreeing to an arbitration clause. *Johnson v. W. Suburban Bank*, 225 F.3d 366, 369 (3d Cir. 2000). In addition, Plaintiffs' assertion that Goya's Proposed Amendment is unenforceable because it is "impossible for a layperson to sort through" (ECF No. 77 at 22) also lacks sound legal basis. *See Amvest Corp. v. Anderson Equip. Co.*, 358 F. App'x 344, 348 (3d Cir. 2009) (holding a party's failure to read a contract is generally no defense to enforcement of the contract's undisputed terms). Fundamentally, the Third Circuit has "repeatedly held that inequality in bargaining power, alone, is not a valid basis upon which to invalidate an arbitration agreement." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 183 (3d Cir. 1999).

---

[5] While Plaintiffs object to the inclusion of Goya's attorneys' information in the Written Explanation because Plaintiff's Counsel owe a fiduciary duty to the Putative Class Members (ECF No. 77 at 20, 24), the United States Supreme Court has made clear that an "unnamed class member is not 'a party to the class-action litigation before the class is certified.'" *N. Sound Cap. LLC v. Merck & Co.*, 938 F.3d 482, 492 (3d Cir. 2019) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011)). However, "courts have recognized that class counsel do not possess a traditional attorney-client relationship with absent class members." *In re Community Bank of N. Va.*, 418 F.3d 277, 313 (3d Cir. 2005). Because the class is not yet certified, and Goya is not urging the potential class members to contact its lawyers or advising the potential class members not to contact Plaintiffs' lawyers, the Court will allow Goya to include its attorney's information. *See Gulf Oil Co*, 452 U.S. at 100 (holding a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties).

Therefore, the Court concludes Goya should be allowed to attempt to invite Putative Class Members to arbitrate their claims.

In the alternative, Plaintiffs seek to "compel production of the contact information of the [Putative] Class Members to Plaintiffs' counsel," and "approve Plaintiffs' proposed communication in place of Goya's." (ECF No. 77 at 25.) Goya counters Plaintiffs' proposed communication is "false and misleading on its face" and accuses Plaintiffs of "essentially solicit[ing] clients by offering to represent them in arbitration." (ECF No. 78 at 10–11, n.8.) "Courts have reached different conclusions regarding the extent to which pre-certification discovery of the identify of potential class members is proper." *Deibler v. SanMedica Int'l, LLC*, Civ. A. No. 19-20155, 2021 WL 6198062, at *10 (D.N.J. Dec. 30, 2021). Nonetheless, in a pre-certification communication context "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978). Here, Plaintiffs' proposed communication that seeks to replace Goya's Written Explanation merely repeats what Goya stated in a different form, but adds language that "advises the [Putative Class Members] that if they choose to sign Goya's arbitration agreement that Plaintiffs' Counsel is available to represent them." (ECF No. 77 at 24–25.) While the Court will not declare Plaintiffs' proposed communication is misleading, the Court declines to impose a burden of production on Goya to allow Plaintiffs to identify potential new clients. *See Dziennik v. Sealift, Inc.*, Civ. A. No. 05-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish

the appropriateness of certification.") (cited in *Deibler v. SanMedica Int'l, LLC*, Civ. A. No. 19-20155, 2021 WL 6198062, at *12 (D.N.J. Dec. 30, 2021)).

Accordingly, Goya's Motion for Approval of Proposed Pre-Certification Communications to Putative Class Members is **GRANTED**, and Plaintiffs' request to compel discovery and to approve Plaintiffs' pre-certification notice is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Goya's Motion for Approval (ECF No. 71) is **GRANTED**, and Plaintiffs' request to compel discovery and to approve Plaintiffs' pre-certification notice is **DENIED**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 11, 2022