<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANIBAL MEJIAS, *et al.*, | |
| Plaintiffs, | Case No. 2:20-cv-12365-BRM-JSA |
| v. | |
| GOYA FOODS, INC., | **OPINION** |
| Defendant. | |

      Before this Court is Defendant Goya Foods, Inc.'s ("Goya") Second Motion for Approval of Proposed Pre-Certification Communications to Putative Class Members (ECF No. 95), requested an order approving Defendant's proposed communications with former independent contract drivers (ECF No. 95-1 at 15). Plaintiffs Anibal Mejias, Jerry Fuller, Dennis Minter, and Jose Pena (collectively, "Plaintiffs") filed an opposition to Defendant's motion (ECF No. 100), and Defendant filed a reply (ECF No. 105). Having reviewed the parties' submissions filed in connection with Defendant's Second Motion for Approval of Proposed Pre-Certification Communications to Putative Class Members, and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78, for the reasons set forth below and for good cause shown, Defendant's motion (ECF No. 95) is **GRANTED**.

**I.    BACKGROUND**

      While a more comprehensive set of facts can be found in this Court's first opinion regarding Defendant's First Motion for Approval of Proposed Pre-Certification Communications

to Putative Class Members (ECF No. 83), this Court limits itself to those details relevant to the disposition of Defendant's Second Motion for Approval.

On March 11, 2022, Defendant filed their First Motion for Approval of Proposed Pre-Certification Communications to Putative Class Members. (ECF No. 71.) In part, Defendant sought to "roll out a voluntary proposed amendment to [Defendant's] Independent Contractor's Service Agreement with their independent contractor drivers in New Jersey." (ECF No. 71-1 at 1.) Defendant also requested a "notice [] accompany the proposed amendment and arbitration agreement" which was to be provided to punitive class members in both English and Spanish. (*Id.*) On April 4, 2022, Plaintiffs filed their opposition to Defendant's First Motion for Approval, and on April 13, 2022, Defendant submitted their reply. (ECF Nos. 77, 78.)

On July 11, 2022, this Court issued its opinion and order granting Defendant's First Motion for Approval. (ECF Nos. 83, 84.) This Court concluded that "generally, parties are permitted to engage in pre-certification communications with [putative] class members." (ECF No. 83 at 3 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102–04 (1981)).) An order, moreover, "limiting communications between parties and potential class members should be based on a clear record and specific findings" reflecting a "weighing of the need for [the] limitation and the potential interference with the rights of the parties." (*Id.* at 4.) After careful consideration, this Court rejected Plaintiffs' arguments, finding that Defendant's proposed communication did not "undermine the integrity of the litigation" as arbitration did not alter the remedies available to Plaintiffs, and "Plaintiffs [were] free to decline [Defendant's] invitation." (ECF No. 83 at 5.) As a result, this

Court granted Defendant's First Motion for Approval of Proposed Pre-Certification Communications to Putative Class Members. (ECF Nos. 83, 84.)

On December 12, 2022, Defendant filed their Second Motion for Approval of Proposed Pre-Certification Communications to Putative Class Members. (ECF No. 95.) Unlike Defendant's First Motion for Approval, which sought communication with *current* independent contract drivers, Defendant's Second Motion for Approval requests an order approving communication with its *former* independent contract drivers. (*See* ECF Nos. 71, 95.) The proposed communication is nearly identical to that which this Court has previously approved. (*See* ECF No. 105 at 2.) On January 17, 2023, Plaintiffs filed their opposition to Defendant's Second Motion for Approval. (ECF No. 100.) On January 30, 2023, Defendant submitted their reply. (ECF No. 105.)

## II.   DECISION

Defendant's proposed communication is nearly identical to that which this Court has previously considered and approved. (*See* ECF Nos. 83, 84.) The only difference, which this Court finds sufficiently immaterial to warrant renewed scrutiny, is the alteration, in the Arbitration Agreement and accompanying Notice, from "*current*" to *"former"* contractor and the deletion of language related to an underlying Amendment document. (*See* ECF No. 95-1 at 6.) These alterations are not sufficiently material such as to disturb this Court's previous conclusion that the proposed communication "does not undermine the integrity of the litigation" as the "arbitration does not alter remedies available to Plaintiffs, and Plaintiffs are free to decline Goya's invitation." (ECF No. 83 at 5); *see also Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 541 F. App'x 181, 186 (3d Cir. 2013). Plaintiffs have failed to raise any additional arguments, not previously considered by this Court in its first opinion, which would otherwise alter this Court's previous judgement. (*See* ECF Nos. 77, 78, 83, 100.) Simply put, such minimalistic changes are insufficient

to modify or alter the reasoning behind this Court's prior opinion and order as it applies to the current motion.

To avoid any doubt, this Court finds, as it has previously determined, that "[g]enerally, parties are permitted to engage in pre-certification communications with potential class members." (ECF No. 83 at 3 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102–04 (1981)).) An "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co.*, 452 U.S. at 101. As such, "[a district court] may not exercise th[is] power without a specific record showing by [Plaintiffs] of the particular abuses by which it is threatened." *Id.* at 102. Because Plaintiffs have failed to meet this burden, misstating both the standard and neglecting to direct this Court to a clear record and specific findings of particular abuses with which it is threatened, this Court finds it need not proceed any further. *See Gulf Oil Co.*, 452 U.S. at 102. Indeed, even if Plaintiffs had directed this Court to such requirements, it is unlikely they would have succeeded. *See In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 312 (3d Cir. 2005) ("Even in *Georgine,* where the district court made detailed findings of misleading statements and particularly disruptive behavior by outside counsel . . . . [n]o communication restrictions were imposed.") (citing *Georgine v. Amchem Prod., Inc.*, 160 F.R.D. 478, 517 (E.D. Pa. 1995)).

In addition to this Court's previous opinion, which is itself a sufficient basis to grant Defendant's current request, this Court finds the proposed alteration from "*current*" to *"former*" contractor and the deletion of language related to an underlying Amendment document, in the Second Proposed Pre-Certification Communication, insufficient to warrant renewed scrutiny. This Court, furthermore, finds that Plaintiffs have failed to meet their required burden under *Gulf Oil*.

As such, this Court, in its discretion, grants Defendant's request. *See also Gulf Oil Co.*, 452 U.S. at 104 (noting that a "serious restraint[] on expression . . . . counsels caution on the part of a district court in drafting such an order, and attention to whether the restraint is justified by a likelihood of serious abuses").

**III.   CONCLUSION**

For the reasons set forth above, as well as in this Court's previous determination on the issue (ECF Nos. 83, 84), Defendant's Second Motion for Approval of Proposed Pre-Certification Communications to Putative Class Members (ECF No. 95) is **GRANTED**.

Date: July 7, 2023

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**