# **<u>EXHIBIT 27</u>**

## MUTUAL GENERAL RELEASE AGREEMENT

This Mutual General Release (hereinafter "Release" or "Agreement") is made this $\underline{28}$ day of June, 2019, by and between GOYA FOODS, INC., a Delaware corporation, (hereinafter "GOYA"), and Willie Davis (hereinafter "CONTRACTOR").

WHEREAS, GOYA and CONTRACTOR are parties to a GOYA Foods, Inc. Private Carriage Independent Contractors' Service Agreement entered into by CONTRACTOR and GOYA on November 14, 1991, as amended on September 4, 2001, September 1, 2009 and July 20, 2015 (hereinafter "CONTRACTOR Agreement"); and

WHEREAS, the parties mutually wish to terminate the CONTRACTOR Agreement subject to the terms set forth herein and execute this Release in exchange for the extra consideration provided below;

NOW, THEREFORE, CONTRACTOR and GOYA, in consideration of the above, the provisions below, and for other good and valuable consideration given and received, mutually agree as follows:

1.      CONTRACTOR acknowledges that GOYA wishes to terminate the CONTRACTOR Agreement pursuant to Paragraph 10 and its other terms. CONTRACTOR acknowledges that CONTRACTOR has received notice of this termination pursuant to Paragraph 11 of the CONTRACTOR Agreement. CONTRACTOR hereby acknowledges that CONTRACTOR'S Agreement is being terminated pursuant to its terms effective the signature date below.

2.      GOYA agrees to pay CONTRACTOR $35,000.00 and four months of CONTRACTOR's COBRA premiums for continued health insurance coverage in exchange for CONTRACTOR'S execution of this Release and agreement to the terms contained in it. This total payment will be payable in one lump sum following the Effective Date of this Agreement defined in Paragraph 13 below. CONTRACTOR agrees that this payment constitutes consideration to which CONTRACTOR is not otherwise entitled and is separate from, and in addition to, any normal compensation owed to CONTRACTOR from GOYA. CONTRACTOR agrees that he will be responsible for reporting this payment to appropriate taxing authorities and paying all taxes in connection with this payment. CONTRACTOR agrees to indemnify GOYA and hold GOYA harmless from any failure to do so.

3.      In consideration of receipt of this payment, CONTRACTOR on behalf himself and his representatives, beneficiaries, heirs, successors and assigns, does hereby release and forever discharge GOYA, its related entities, past, present and future, and its and their past, present and future benefit plans and programs, representatives, officers, directors, agents, employees, trustees, and successors and assigns

from any and all claims, actions, causes of action, rights, demands or remedies, whether known or unknown, which CONTRACTOR ever had or may claim to have had, from the beginning of time until as of the moment he signs this Release arising out of or relating to the CONTRACTOR Agreement or CONTRACTOR's relationship with GOYA, including but not limited to:

a.      any and all tort, contract, and common law;

b.      claims for discrimination or harassment under the Age Discrimination in Employment Act of 1967, as amended, and the Older Workers Benefit Protection Act of 1990, Americans with Disabilities Act, Title VII of the Civil Rights Act, the Employee Retirement Income Security Act; the Consolidated Budget Reconciliation Act; the Worker Adjustment and Retraining Notification Act; the Fair Credit Reporting Act; the Occupational Safety and Health Act; the Health Insurance Portability and Accountability Act; the Genetic Information Nondiscrimination Act of 2008; the Immigration Reform and Control Act of 1986; the Uniform Trade Secrets Act; any wage and hour law; and

c.      To the maximum extent allowed by law, all state and local statutory Claims, including claims under the New Jersey Law Against Discrimination; the New Jersey Conscientious Employee Protection Act; the New Jersey Family Leave Act; the New Jersey Paid Sick Leave Law; the New Jersey Worker Health and Safety Act; the New Jersey Worker Freedom from Employer Intimidation Act; the New Jersey Wage and Hour Laws; the New Jersey Civil Rights Act; the New Jersey Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim; the New Jersey Smokers' Rights Law; the New Jersey Equal Pay Act; the New Jersey Genetic Privacy Act; the New Jersey Fair Credit Reporting Act; the New Jersey False Claims Act; the New Jersey mini-COBRA law; the New Jersey Constitution; and the New Jersey WARN Act.

CONTRACTOR agrees that this release includes any unknown claims that he may have as of the date he signs this Release. This Release does not, however, affect any future rights or claims of CONTRACTOR's that arise after the time CONTRACTOR signs this Release.

4.      CONTRACTOR agrees that this Release does not include any claims that may not be released by private agreement, and nothing in this release otherwise affects CONTRACTOR'S right to file a charge with the Equal Employment Opportunity Commission or a comparable state or administrative agency or participate in an EEOC or comparative state or administrative agency proceeding. Provided, however, that CONTRACTOR promises he will not seek damages, reinstatement, or similar personal relief.

2

5.      GOYA does hereby release and forever discharge CONTRACTOR, CONTRACTOR'S representatives, heirs, agents and employees, from any and all claims, actions, causes of action, rights, demands or remedies, whether known or unknown, which GOYA ever had or may claim to have had, from the beginning of time until as of the moment it executes this Release arising out of, or relating to, the CONTRACTOR Agreement, including but not limited to any and all tort and contract claims. GOYA agrees that this Release does not include any claims that may not be released by private agreement.

6.      CONTRACTOR and GOYA agree that, except as otherwise required by law, they shall keep the terms of this Release and consideration paid under the Release confidential. Further, nothing in this Release or the fact the parties have entered into this Release is an admission by GOYA of any liability or wrongdoing.

7.      This Release shall inure to the benefit of, and be binding upon, the parties hereto, their heirs, successors, administrators, executors, and assigns.

8.      Should any portion, word, clause, sentence or paragraph of this Release be declared void or unenforceable, any such part shall be modified or deleted in such a manner to make this Release as modified legal and enforceable to the fullest extent permissible under applicable law.

9.      This Release and the CONTRACTOR Agreement termination letter constitutes this whole and entire agreement between the parties hereto regarding the subjects addressed in this Release, unless otherwise agreed to in writing and duly executed by the parties concurrently herewith. 11. This Release and the construction thereof shall be governed by the laws of the State of New Jersey.

10.     **Right to consult an attorney.** CONTRACTOR understands that he is waiving legal rights by signing this Release and is being advised here, in writing, to consult with an attorney of his choice before signing the Release. CONTRACTOR understands that he is being given twenty-one (21) calendar days from the date of receipt of this Release to review and consider it before executing it. CONTRACTOR waives any right he may have to additional time beyond this consideration period.

11.     **Revocation.** This Release may be revoked by CONTRACTOR within seven (7) calendar days after the date he signs this Agreement, by filing a written revocation notice with Carlos Ortiz at carlos.ortiz@goya.com.  This Release will not become effective or enforceable until this revocation period has expired, without revocation (the "Effective Date").

IN WITNESS WHEREOF, the parties hereto have executed this Release on the date set forth below. CONTRACTOR agrees that he has read the provisions, understands them, has had the opportunity to have the Release reviewed, and has received additional compensation for signing it.

GOYA FOODS, INC.                              CONTRACTOR

By:  _____        _____
     JOHN QUINONES                            WILLIE DAVIS
     Director of Operations

     _____        _____
     Date                                     Date

4